# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| CAMBRIA COMPANY LLC,<br><br>    Plaintiff,<br><br>ANTIQUE MARBONITE PRIVATE LIMITED, SHIVAM ENTERPRISES, PRISM JOHNSON LIMITED; ARIZONA TILE, LLC; M S INTERNATIONAL, INC.; AND PNS CLEARANCE LLC,<br><br>    Consolidated-Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>    Defendant,<br><br>APB TRADING, LLC; COSMOS GRANITE (WEST) LLC; COSMOS GRANITE (SOUTH EAST) LLC; COSMOS GRANITE (SOUTH WEST) LLC; CURAVA CORPORATION; DIVYASHAKTI GRANITES LIMITED; DIVYASHAKTI LIMITED; MARUDHAR ROCKS INTERNATIONAL PVT LTD; OVERSEASMANUFACTURING AND SUPPLY INC. D/B/A MERRIMACK STONE INDUSTRIES; QUARTZKRAFT LLP; STRATUS SURFACES LLC; FEDERATION OF INDIAN QUARTZ SURFACE INDUSTRY; ARIZONA TILE, LLC; M S INTERNATIONAL, INC.; AND PNS CLEARANCE LLC,<br><br>    Defendant-Intervenors. | Before: Mark A. Barnett, Chief Judge<br>Consol. Court No. 23-00007 |

## Order

Upon consideration of the Partial Consent Motion for a Statutory Injunction to enjoin liquidation filed by Plaintiff Cambria Company LLC ("Plaintiff"), and pursuant to 19 U.S.C. § 1516a(c)(2), it is hereby:

**ORDERED** that Plaintiff's Partial Consent Motion for a Statutory Injunction is **GRANTED**; and it is further

**ORDERED** that Defendant, United States, together with its delegates, officers, agents, and servants, including employees of U.S. Customs and Border Protection and the U.S. Department of Commerce, is enjoined during the pendency of this litigation, including any appeals, from issuing instructions to liquidate or making or permitting liquidation of any unliquidated entries of Certain Quartz Surface Products from India:

1) That were produced and/or exported by the entities in the attached schedule;

2) That were the subject of the United States Department of Commerce's final determination in *Certain Quartz Surface Products from India: Final Results of Antidumping Duty Administrative Review; 2019-2021*, 88 Fed. Reg. 1,188 (Dep't Commerce Jan. 9, 2023);

3) That were entered, or withdrawn from warehouse for consumption, during the period December 13, 2019 through May 31, 2021, excluding entries from June 10, 2020 through June 18, 2020;

4) and remain unliquidated as of 5:00 pm on the day the Court enters this order on the docket in this case.

and it is further:

**ORDERED** that the entries subject to this injunction shall be liquidated in accordance with the final court decision in this action, including all appeals and remand proceedings, as provided in 19 U.S.C. § 1516a(e); and it is further

**ORDERED** that any entries inadvertently liquidated after this order is signed but before this injunction is fully implemented by U.S. Customs and Border Protection shall be promptly returned to unliquidated status and suspended in accordance with this injunction.

Date:_____          _____

New York, New York                                          Mark A. Barnett, Chief Judge

SCHEDULE TO ORDER

**Indian Producers and/or Exporters Subject to Injunction:**

- Alicante Surfaces Pvt., Ltd.
- Antique Granito Shareholders Trust
- Argil Ceramic Private Limited
- ARO Granite Industries Limited
- Asian Granito India Ltd
- Baba Super Minerals Pvt. Ltd.
- Camrola Quartz Limited
- Chaitanya International Minerals LLP
- Chariot International Pvt. Ltd.
- Colors Of Rainbow
- Creative Quartz LLP
- Cuarzo
- Divyashakti Granites Limited
- Esprit Stones Pvt., Ltd.
- Globalfair Technologies Pvt.
- Glowstone Industries Private Limited
- Gupta Marbles
- Gyan Chand Lodha
- Hi Elite Quartz LLP
- Hilltop Stones Pvt., Ltd.
- Inani Marbles and Industries Ltd.
- International Stones India Private Limited
- Jennex Granite Industries
- Jessie Kan Granite Inc.
- Keros Stone LLP
- M.B. Granites Private Ltd.
- Mahi Granites Private Limited.
- Malbros Marbles & Granites Industries
- Marudhar Rocks International Pvt. Ltd.
- Mountmine Imp. & Exp. Pvt., Ltd.
- P.M. Quartz Surfaces Pvt., Ltd.
- Pacific Industries Limited
- Pacific Quartz Surfaces LLP
- Pangaea Stone International Private Ltd.
- Paradigm Granite Pvt., Ltd.
- Paradigm Stone India Private Limited
- Pelican Quartz Stone
- Quartzkraft LLP
- Rocks Forever
- Rose Marbles Ltd.
- Safayar Ceramics Private Ltd.
- Satya Exports
- Southern Rocks and Minerals Private Limited
- Stone Imp. & Exp. (India) Pvt., Ltd.
- Stoneby India LLP
- Sunex Stones Private Ltd.
- Tab India Granites Pvt., Ltd.
- Ultima International
- Vishwas Ceramic
- Vishwas Exp.
- Yash Gems

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| CAMBRIA COMPANY LLC,<br><br>　　Plaintiff,<br><br>ANTIQUE MARBONITE PRIVATE LIMITED, SHIVAM ENTERPRISES, PRISM JOHNSON LIMITED; ARIZONA TILE, LLC; M S INTERNATIONAL, INC.; AND PNS CLEARANCE LLC,<br><br>　　Consolidated-Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>　　Defendant,<br><br>APB TRADING, LLC; COSMOS GRANITE (WEST) LLC; COSMOS GRANITE (SOUTH EAST) LLC; COSMOS GRANITE (SOUTH WEST) LLC; CURAVA CORPORATION; DIVYASHAKTI GRANITES LIMITED; DIVYASHAKTI LIMITED; MARUDHAR ROCKS INTERNATIONAL PVT LTD; OVERSEASMANUFACTURING AND SUPPLY INC. D/B/A MERRIMACK STONE INDUSTRIES; QUARTZKRAFT LLP; STRATUS SURFACES LLC; FEDERATION OF INDIAN QUARTZ SURFACE INDUSTRY; ARIZONA TILE, LLC; M S INTERNATIONAL, INC.; AND PNS CLEARANCE LLC,<br><br>　　Defendant-Intervenors. | Before: Mark A. Barnett, Chief Judge<br>Consol. Court No. 23-00007 |

**PLAINTIFF'S PARTIAL CONSENT MOTION FOR STATUTORY INJUNCTION**

　　Pursuant to Rules 7(b) and 56.2(a) of the Rules of the Court of International Trade ("CIT"), Plaintiff Cambria Company LLC ("Plaintiff") respectfully moves for a statutory

injunction to enjoin the Defendant, the United States, together with its delegates, officers, agents, servants, and employees of the United States Customs and Border Protection ("CBP"), pending a final and conclusive court decision in this litigation, from causing or permitting liquidation of unliquidated entries of Certain Quartz Surface Products from India:

1) That were produced and/or exported by the entities in the attached schedule;

2) That were the subject of the United States Department of Commerce's final determination in *Certain Quartz Surface Products from India: Final Results of Antidumping Duty Administrative Review; 2019-2021*, 88 Fed. Reg. 1,188 (Dep't Commerce Jan. 9, 2023);

3) That were entered, or withdrawn from warehouse for consumption, during the period December 13, 2019 through May 31, 2021, excluding entries from June 10, 2020 through June 18, 2020;

4) and remain unliquidated as of 5:00 pm on the day the Court enters this order on the docket in this case.

**I.      Legal Standard**

Rule 56.2(a) provides that a "motion for a statutory injunction, or a Form 24 proposed order for a statutory injunction upon consent, to enjoin the liquidation of entries that are the subject of the action must be filed by a party to the action within 30 days after service of the complaint, or at such later time, for good cause shown."[1] While Rule 56.2 does not define "good cause," prior opinions have held the the applicable standard to be "that good reason must exist and that relief must not unfairly prejudice the opposing party or the interests of justice."

---

[1] Rule 56.2(a) further provides that a "proposed order for a statutory injunction upon consent should be made pursuant to Form 24 in lieu of a motion," and the Practice Notes to the same provide that a "Form 24 may be filed with the Court in lieu of a motion where the parties have consented to the terms of the statutory injunction as set forth in the form." Because not all parties to this action have consented to Plaintiff's proposed statutory injunction, Plaintiff is filing the instant motion instead of a Form 24 Proposed Order for Statutory Injunction Upon Consent.

*Diamond Sawblade Mfrs.' Coalition v. United States*, 2015 WL 4978726 at *14 (Ct. Int'l Trade Aug. 20, 2015) (citing *Carpenter Tech. Corp. v. United States*, 31 CIT 1, 4 (2007)).

In addition, when considering a motion for preliminary injunction, the CIT considers whether (1) the movant will face immediate and irreparable injury without the requested relief; (2) the movant is likely to succeed on the merits; (3) the public interest; and (4) the balance of hardship on all the parties. *See U.S. Ass'n of Importers of Textiles and Apparel v. U.S. Dep't of Commerce*, 413 F.3d 1344, 1347 (Fed. Cir. 2005); *Zenith Radio Corp. v. United States*, 710 F.2d 806, 809 (Fed. Cir. 1983).

## II.     Good Cause Exists to Grant Plaintiff's Motion for a Statutory Injunction

Good cause exists to grant Plaintiff's motion for a statutory injunction to enjoin liquidation of entries. There is a good reason to grant this motion, because a substantial portion of the entries have already been suspended as part of the consolidated action as a result of a prior statutory injunction by the Court. In addition, there is a potential that Plaintiff's appeal will be mooted if the entries at issue in this case are liquidated. Finally, granting this motion would not unfairly prejudice either the opposing parties or the interests of justice.

First, many of the entries subject to Commerce's *Final Results* in the underlying administrative review have already been suspended from liquidation. Plaintiff filed its complaint in this case on February 10, 2023. Just three days later, on February 13, 2023, consolidated plaintiffs Arizona Tile LLC ("Arizona Tile"), M S International Inc. ("MSI"), and PNS Clearance LLC ("PNS") filed Form 24 Requests for Statutory Injunction Upon Consent in *Arizona Tile LLC et al v. United States*, Case No. 23-19. The Court entered statutory injunctions based on these requests on the same day. *See* Orders of the Court in *Arizona Tile*, Case No. 23-19, (Ct. Intl

3

Trade Feb. 13, 2023) (ECF 17, 18, and 19). As a result, the existing statutory injunctions cover entries of QSP produced and/or exported by the following 21 Indian producers and exporters:

- ANTIQUE MARBONITE PRIVATE LTD (and its affiliated cross-owned company Shivam Enterprises)
- ARO GRANIT IND-QUARTZ
- BABA SUPER MINERALS PVT LTD
- CAMROLA QUARTZ LIMITED
- CHARIOT INTERNATIONAL PVT LTD
- CUARZO
- ESPRIT STONES PVT. LTD.
- GLOWSTONE INDUSTRIES PVT LTD
- KEROS STONE LLP
- MAHI GRANITES PVT LTD
- MARUDHAR ROCKS INTERNATIONAL PVT LTD
- PACIFIC INDUSTRIES LIMITED
- PACIFIC QUARTZ SURFACES LLP
- PARADIGM STONE INDIA PVT LTD
- PELICAN QUARTZ STONE
- QUARTZKRAFT LLP
- ROCKS FOREVER
- SAFAYAR CERAMICS PVT LTD
- SATYA EXPORTS
- SOUTHERN ROCKS & MINERALS PVT LTD
- SUNEX STONES PRIVATE LTD

As this case has been consolidated with *Cambria Company LLC v. United States*, the suspension of liquidation continues to apply to the entries produced and/or exported by these 21 companies.

This Court has recognized that good cause exists for granting a motion for preliminary injunction where entries have already been covered by a previous preliminary injunction issued by the Court and that prior injunction has been dissolved or is at risk of being dissolved. *See, e.g., Diamond Sawblade*, 2015 WL 4978726 at *14 ("Good cause exists in this case. Until

4

recently, the ATM entity entries at issue were covered by a preliminary injunction issued in CIT Consol. Court No. 09–00511 … that prevented their liquidation."); *Zhejiang Native Produce & Animal By-Products Import & Export Corp. v. United States*, 61 F. Supp. 3d 1358, 1368 (Ct. Int'l Trade 2015) (finding that there was good cause to grant a request for a statutory injunction file beyond 30 days after service of the complaint "because the entries were enjoined from liquidation by means of the preliminary injunctions that had previously been in place"). *See also CS Wind Vietnam Co. v. United States*, 2017 WL 1628423 (Ct. Int'l Trade 2017) at *2, n.3 ("'Good cause' exists for the seeking of this injunction even though more than 30 days have passed since CS Wind filed its complaint {as at} that time, liquidation was suspended because, until the proceedings for the first administrative review were completed, liquidation would not occur."). Here, as discussed above, a substantial portion of the entries at issue in the *Final Results* have already been suspended from liquidation pursuant to the orders issued by the Court in *Arizona Tile*, Case No. 23-19. Thus, liquidation of those entries could not occur. Plaintiff has relied on these injunctions remaining in place in this consolidated action. However, counsel to consolidated plaintiffs Arizona Tile, MSI, and PNS has recently indicated that they intend to file motions to partially dissolve these statutory injunctions. Thus, good cause exists for granting this motion for preliminary injunction

  Second, if the entries covered by the *Final Results* are liquidated, the Plaintiff's appeal will potentially be moot for a lack of available relief and the CIT may no longer have jurisdiction over this appeal. Once entries subject to an antidumping order are liquidated, the applicable duty rate cannot be changed in a way that would actually apply to the liquidated entries. *Zenith Radio Corp.*, 710 F.2d at 810. Therefore, Plaintiff's requested relief – a remand to Commerce for reassessment of the dumping margin calculated for the non-selected respondents – would

5

potentially be mooted. Circumstances where denying a motion for a preliminary injunction would render the court "powerless to grant to only effective remedy" have been previously held to be grounds for finding a likelihood of "irreparable injury" to the movant. *Id.* at 809-810; *see also Diamond Sawblades*, 2015 WL 4978726 at *14; *Zhejiang*, 61 F. Supp. 3d at 1368.

In contrast, enjoining the liquidation of entries would not create significant hardship for the defendant and defendant-intervenors in this case. The Court has noted in prior opinions that suspension of liquidation is "at most an inconvenience" to government and private parties. *Diamond Sawblades*, 2015 WL 4978726 at *16 (internal quotation marks removed). Therefore, it would not create hardship for the defendant and defendant-intervenors to continue to maintain the status quo of suspended liquidation on entries covered by the existing injunction.

In addition to maintaining the suspension of liquidation that currently applies to many entries at issue in this case, it would serve the public interest to enjoin liquidation of all unliquidated entries subject to the all-others rate during the first administrative review of *Certain Quartz Surface Products from India*. As the Court has previously stated, "{s}ecuring judicial review and ensuring that Commerce properly administers the antidumping laws are in the public interest." *Husteel Co., Ltd. v. United States*, 34 F. Supp. 3d 1355, 1363 (Ct. Int'l Trade 2014). Granting this motion for statutory injunction, to suspend liquidation of entries, would achieve both of these goals by preventing Plaintiff's appeal of Commerce's *Final Results* in the underlying administrative review from being mooted by the liquidation of entries of subject merchandise.

**III.   All Four Criteria Are Met for Granting a Statutory Injunction**

Finally, all four criteria for granting an injunction are met. *See Zenith*, 710 F.2d at 809. First, as discussed above, Plaintiff would face "irreparable injury" if its appeal was potentially

6

rendered moot by liquidation of the entries subject to the *Final Results*. Second, granting this motion for an injunction would not create "hardship" for the other parties to the case, particularly since the Court has already suspended liquidation for a substantial portion of the entries of subject merchandise covered by the *Final Results*, Third, it is in the public interest to grant this motion so the Court can review Plaintiff's appeal of Commerce's determination. *Zenith*, 710 F.2d at 809. Fourth, regarding likelihood of success on the merits, this Court has held that "{w}here … irreparable injury is firmly established, it will ordinarily be sufficient that the movant has raised questions which are serious, substantial, difficult and doubtful in order to satisfy" this fourth criteria. *Diamond Sawblades*, 2015 WL 4978726 at *17 (citing *Timken v. United States*, 6 CIT 76, 80 (1983)). Here, Plaintiff's underlying appeal raised substantial and serious questions about Commerce's decision to depart from the expected method for calculating the all-others rate for non-selected respondents. This final criterion is, therefore, also met.

**IV.    Consultation with Other Parties**

Under Rule 56.2(a) of this court, "the movant must consult with all other parties to the action in accordance with Rule 7(b)" before filing a motion for a statutory injunction. CIT Rule 56.2(a)(4)(A). On October 11, 2023, Counsel for Plaintiff contacted counsel to the other parties, who indicated as follows:

- Joshua Kurland, Counsel for Defendant, United States, stated on October 17, 2023, that Defendant consents while expressing the understanding that Commerce has already issued liquidation instructions for entries not covered by the injunctions previously issued;

- Robert Gosselink, Counsel for Consolidated Plaintiffs, Antique Marbonite Private Limited, Shivam Enterprises, and Prism Johnson Limited, consented on October 17, 2023;

- Jonathan T. Stoel, Counsel for Consolidated Plaintiffs and Defendant-Intervenors Arizona Tile, LLC; M S International, Inc.; and PNS Clearance LLC, stated on November 16, 2023 that his clients oppose the motion and intend to file a response;

- Will Planert, Counsel for Defendant Intervenors, Federation of Indian Quartz Surface Industry, stated on November 17, 2023 that the Federation does not consent to the motion and will file an opposition;

- David Craven, Counsel for Defendant Intervenors, APB Trading, LLC; Cosmos Granite (West) LLC; Cosmos Granite (South East) LLC; Cosmos Granite (South West) LLC; Curava Corporation; DivyaShakti Granites Limited; DivyaShakti Limited; Marudhar Rocks International PVT Ltd; Overseas Manufacturing and Supply Inc. d/b/a Merrimack Stone Industries; Quartzkraft LLP; and Stratus Surfaces LLC, stated he does not consent to the motion on October 11, 2023.

### V.    Conclusion

For the foregoing reasons, Plaintiff respectfully requests that its motion for a statutory injunction against liquidation be granted.

Respectfully submitted,

/s/ Luke A. Meisner

Roger B. Schagrin
Luke A. Meisner

**SCHAGRIN ASSOCIATES**
900 7th Street, N.W.
Suite 500
Washington, DC 20001
(202) 223-1700

*Counsel to Cambria Company LLC*

Dated: November 17, 2023

**Attachment to Motion for Preliminary Injunction**

**Indian Producers and/or Exporters Subject to Injunction:**

- Alicante Surfaces Pvt., Ltd.
- Antique Granito Shareholders Trust
- Argil Ceramic Private Limited
- ARO Granite Industries Limited
- Asian Granito India Ltd
- Baba Super Minerals Pvt. Ltd.
- Camrola Quartz Limited
- Chaitanya International Minerals LLP
- Chariot International Pvt. Ltd.
- Colors Of Rainbow
- Creative Quartz LLP
- Cuarzo
- Divyashakti Granites Limited
- Esprit Stones Pvt., Ltd.
- Globalfair Technologies Pvt.
- Glowstone Industries Private Limited
- Gupta Marbles
- Gyan Chand Lodha
- Hi Elite Quartz LLP
- Hilltop Stones Pvt., Ltd.
- Inani Marbles and Industries Ltd.
- International Stones India Private Limited
- Jennex Granite Industries
- Jessie Kan Granite Inc.
- Keros Stone LLP
- M.B. Granites Private Ltd.
- Mahi Granites Private Limited.
- Malbros Marbles & Granites Industries
- Marudhar Rocks International Pvt. Ltd.
- Mountmine Imp. & Exp. Pvt., Ltd.
- P.M. Quartz Surfaces Pvt., Ltd.
- Pacific Industries Limited
- Pacific Quartz Surfaces LLP
- Pangaea Stone International Private Ltd.
- Paradigm Granite Pvt., Ltd.
- Paradigm Stone India Private Limited
- Pelican Quartz Stone
- Quartzkraft LLP
- Rocks Forever
- Rose Marbles Ltd.
- Safayar Ceramics Private Ltd.
- Satya Exports
- Southern Rocks and Minerals Private Limited
- Stone Imp. & Exp. (India) Pvt., Ltd.
- Stoneby India LLP
- Sunex Stones Private Ltd.
- Tab India Granites Pvt., Ltd.
- Ultima International
- Vishwas Ceramic
- Vishwas Exp.
- Yash Gem