# UNITED STATES COURT OF INTERNATIONAL TRADE
# NEW YORK

BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | |
|---|---|
| CAMBRIA COMPANY LLC, <br><br>　　　　Plaintiff, <br><br>　　　　and <br><br>ANTIQUE MARBONITE PRIVATE LIMITED, SHIVAM ENTERPRISES, PRISM JOHNSON LIMITED; ARIZONA TILE, LLC; M S INTERNATIONAL, INC.; AND PNS CLEARANCE LLC, <br><br>　　　　Consolidated Plaintiffs, <br><br>　　　　v. <br><br>UNITED STATES, <br><br>　　　　Defendant, <br><br>　　　　and <br><br>APB TRADING, LLC; COSMOS GRANITE (WEST) LLC; COSMOS GRANITE (SOUTH EAST) LLC; COSMOS GRANITE (SOUTH WEST) LLC; CURAVA CORPORATION; DIVYASHAKTI GRANITES LIMITED; DIVYASHAKTI LIMITED; MARUDHAR ROCKS INTERNATIONAL PVT LTD; OVERSEASMANUFACTURING AND SUPPLY INC. D/B/A MERRIMACK STONE INDUSTRIES; QUARTZKRAFT LLP; STRATUS SURFACES LLC;  FEDERATION OF INDIAN QUARTZ  SURFACE INDUSTRY; ARIZONA TILE, LLC; M S INTERNATIONAL, INC.; AND PNS CLEARANCE LLC, <br><br>　　　　Defendant-Intervenors. | Consol. Court No. 23-00007 |

**CONSOLIDATED PLAINTIFFS' PARTIAL CONSENT MOTION TO PARTIALLY DISSOLVE INJUNCTION OF LIQUIDATION**

Pursuant to CIT Rule 7(b) and 56.2(a), Consolidated Plaintiffs M S International, Inc. ("MSI") and Arizona Tile, LLC ("Arizona Tile"), respectfully move this Court to partially dissolve the statutory injunctions (ECF Nos. 17, 18) granted on February 13, 2023, in *Arizona Tile LLC et al v. United States*, No. 23-19 (Ct. Int'l Trade summons filed Jan. 31, 2023) which has now been consolidated into the instant case. Plaintiffs now ask this Court to liquidate certain entries with respect to which MSI and Arizona Tile served as the Importers of Record and have been suspended pending a final judgment in the above-captioned action.

By way of background, Consolidated Plaintiffs timely filed their Summons and Complaint with this Court on January 31, 2023 and February 10, 2023, respectively. Summons, *Arizona Tile*, No. 23-19, (Ct. Int'l Trade Jan. 31, 2023), ECF No. 1; Complaint, *Arizona Tile*, No. 23-19, (Ct. Int'l Trade Feb. 10, 2023), ECF No. 12. Shortly thereafter, MSI and Arizona Tile timely filed their Form 24 Requests for Statutory Injunction Upon Consent on February 13, 2023, *Arizona Tile*, No. 23-19, ECF Nos. 14, 15 (the "Requests"). This Court granted Consolidated Plaintiffs' Requests on the same day. Order for Statutory Injunction Upon Consent, *Arizona Tile*, No. 23-19, (Ct. Int'l Trade Feb. 13, 2023), ECF Nos. 17, 18. These injunctions were requested and granted in accordance with CIT Rule 56.2(a)(4)(A), and the Requests were submitted well in advance of the 30-day deadline plainly established by this rule.

This Court subsequently joined Consolidated Plaintiffs' separate appeal with other related appeals filed by Cambria Company LLC, Antique Marbonite Private Limited et al., APB Trading LLC et al., and the Federation of Indian Quartz Surface Industry. Consol. Order, Mar. 17, 2023, ECF No. 40. Consolidated Plaintiffs observe that Plaintiff, Cambria Company LLC ("Cambria"), never sought its own injunction in this consolidated action, Case No. 23-7. Plaintiff likewise never

sought its own injunction in any of the cases in which Plaintiff intervened, including *Arizona Tile*, Case No. 23-19.

Consolidated Plaintiffs now seek to dissolve the injunction they previously sought and which this Court granted suspending certain entries made during the period December 13, 2019 through May 31, 2021 (the "injunction period"), 1/ for which they served as the Importers of Record for the companies listed in **Appendices 1** and **2**. In other words, Consolidated Plaintiffs respectfully ask this Court to maintain the statutory injunction only with regard to entries made during the injunction period for which (a) MSI and Arizona Tile served as the Importers of Record, and (b) the included merchandise was produced and/or exported by ANTIQUE MARBONITE PRIVATE LTD. The statutory injunction should be dissolved with respect to entries during the injunction period covering merchandise produced and/or exported by the remaining producers.

In accordance with CIT Rule 7(f), counsel for Consolidated Plaintiffs has consulted with all other parties to this case:

- Joshua Kurland, Counsel for Defendant, United States, consented on October 17, 2023;

- Luke Meisner, Counsel for Plaintiff, Cambria Company LLC, opposed the motion on October 11, 2023;

- Robert Gosselink, Counsel for Consolidated Plaintiffs, Antique Marbonite Private Limited, Shivam Enterprises, and Prism Johnson Limited, consented on October 10, 2023;

- R. Will Planert, Counsel for Defendant Intervenors, Federation of Indian Quartz Surface Industry, consented on November 16, 2023;

- David Craven, Counsel for Defendant Intervenors, APB Trading, LLC; Cosmos Granite (West) LLC; Cosmos Granite (South East) LLC; Cosmos Granite (South West) LLC; Curava Corporation; DivyaShakti Granites Limited; DivyaShakti Limited; Marudhar Rocks International PVT Ltd; Overseas Manufacturing and Supply Inc. d/b/a Merrimack Stone Industries; Quartzkraft LLP; and Stratus Surfaces LLC, consented on October 11, 2023.

---

1/    The injunction does not cover the "gap period," covering entries made from June 10, 2020 through June 18, 2020.

Consolidated Plaintiffs respectfully request that this Court grant this motion. For this Court's consideration, counsel is providing two separate proposed orders and proposed revised Form 24 injunction orders for each party.

Plaintiff is opposing Consolidated Plaintiffs' motion, apparently solely because Plaintiff failed timely to seek its own injunction before the deadline set forth by CIT Rule 56.2(4)(A) expired. Accordingly, Consolidated Plaintiffs set forth below their legal arguments demonstrating why this motion should be granted and the entries covered by the Requests should be liquidated.

**I.   Legal Standard**

CIT Rule 56.2(a)(4)(A) provides:

> Any motion for a statutory injunction, or a Form 24 proposed order for a statutory injunction upon consent, to enjoin the liquidation of entries that are the subject of the action must be filed by a party to the action within 30 days after service of the complaint, or at such later time, for good cause shown.

The same rule requires that "[p]rior to the filing of the motion, the movant must consult with all other parties to the action in accordance with Rule 7(b)." The specific instructions for Form 24 provide that if "any party opposes the injunction, then regular motion practice should be followed." Ct. of Int'l Trade, Form 24.

Under 28 U.S.C. § 2643 and CIT Rule 65, this Court may grant injunctive relief or, in this case, partially dissolve previously granted injunctive relief. When determining whether to grant preliminary injunctive relief, the Court typically considers whether certain factors have been met. 2/ But, because Consolidated Plaintiffs are seeking merely to dissolve relief already granted

---

2/    The Court typically considers the following four factors: (1) whether the party will incur irreparable harm in the absence of such injunction; (2) whether the party is likely to succeed on the merits of the action; (3) whether the balance of hardships favors the imposition of the injunction; and (4) whether the injunction is in the public interest. *Nexteel Co. Ltd. v. United*

by this Court, these factors need not be met. *AIMCOR Alabama Silicon, Inc. v. United States*, 83 F.Supp.2d 1293, 1299 (Ct. Int'l Trade 1999) (failing to review the four preliminary injunction factors when considering a motion for dissolution). 3/  Rather, the CIT has acknowledged its discretion to dissolve a preliminary injunction prior to a final decision on the merits: "Generally, of course, courts have inherent power and the discretion to modify injunctions for changed circumstances." *Id.* at 1299 (citing *System Federation No. 91 v. Wright*, 364 U.S. 642, 647 (1961); *Sierra Club v. U.S. Army Corps of Engineers*, 732 F.2d 253, 256 (2d Cir. 1984), cert. denied, 475 U.S. 1084, 106 (1984)).  A court's general power to modify or dissolve a preliminary motion has been acknowledge by other federal courts as well. 4/

**II.     The Circumstances Prompting Consolidated Plaintiff's Original Request for Injunction have Changed**

The most important change in circumstances since the issuance of the statutory injunctions is that the parties that sought them no longer wish to have them in place.  Rather, the Consolidated Parties would rather simply pay the duties imposed by the Government for these certain entries, rather than continue to deal with the significant uncertainty caused by the continuation of the suspension of liquidation.  MSI and Arizona Tile timely requested that statutory injunctions, upon consent of the parties, be put in place for relevant entries at the outset of their separate action (prior

---

*States*, 393 F.Supp.3d 1287, 1292 (Ct. Int'l Trade 2019) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008)).

3/     The *AIMCOR Alabama Silicon* court denied the motion to dissolve, but the facts were distinct from those at issue here.  Notably, in *AIMCOR*, **defendant intervenors** sought to dissolve the preliminary injunction granted in response to **plaintiff's original request**.  Here, the same parties are seeking (partial) dissolution of their originally requested injunctions.

4/     *See e.g. Commodity Futures Trading Commission v. Bame*, No. CV 08–05593, 2009 WL 10675779 (C.D. Cal. Jul. 1, 2009) (Federal District Court relying on its "power to modify or dissolve a preliminary injunction" to grant Plaintiff's motion in part to modify a preliminary injunction it previously granted (upon Plaintiff's motion), which froze Defendant's assets to allow for transactions involving certain of those previously frozen assets).

5

to consolidation into this action).  Requests (Feb. 13, 2023) ECF Nos. 14, 15.  Consolidated Plaintiffs would now like to dissolve their own injunctions on almost all entries (but for one producer), pay the amounts asserted by the Government, and move on with their business.  Furthermore, the antidumping duty deposit rate with respect to non-selected companies will be revised downward to 0.00% *ad valorem* effective this Monday, November 20, 2023.  *Certain Quartz Surface Products from India: Final Results of Antidumping Duty Administrative Review, and Final Determination of No Shipments*; 2021-2022, Fed. Reg. Doc. 2023-25559 (scheduled for publication Nov. 20, 2023).

It is worth noting that, at the time of Consolidated Plaintiffs' Requests, the parties involved in the action provided their consent and did not seek their own statutory injunction under Rule 56.2.  Plaintiff Cambria, which now opposes this motion, intervened in that action eleven (11) days after the injunctions were granted, and 24 days after it was served with notice of Summons of MSI and Arizona Tile's appeal.  Cambria Company LLC's Consent Motion to Intervene as Defendant-Intervenor, *Arizona Tile*, No. 23-19, (Ct. Int'l Trade Feb. 24, 2023), ECF No. 23; Pls.' Cert. of Service, *Arizona Tile*, No. 23-19, (Ct. Int'l Trade Jan. 31, 2023), ECF No. 8.  Plaintiff Cambria did not seek an injunction in its own right at that time.  In fact, Plaintiff Cambria, has never sought its own injunction in this proceeding (its own original action before consolidation), nor in any related proceeding in which Plaintiff intervened.  Cambria's current opposition merely attempts to hide its own mistake and should not dictate the fate of Consolidated Plaintiffs' request that their own statutory injunctions be partially dissolved.

Consolidated Plaintiffs are willing to pay Commerce's applicable AD rate for the entries to be liquidated if the requested relief is granted for several reasons.  First, it is clear that litigation over these entries is going to take a considerable amount of time.  Cambria's CEO has stated

publicly that he intends to fight this issue vigorously, which means that any finality on this issue will not be had for a long period of time. *See Stone World Podcasts, Future of Anti-Dumping with Cambria – Part 3*, Stone World, at 18:00-22:00 (Sept. 11, 2023) (interview with Martin Davis, Chief Executive Officer of the Cambria Company). The elongated appeal creates a lengthy period of uncertainty vis-a-vis these entries, as well as an undefined liability on the books and records of the companies. The entries in question were originally made in December 2019 through May 2021. It is now November 2023. Consolidated Plaintiffs thus respectfully request the final resolution of these entries, in some cases almost four years later. Moreover, Consolidated Plaintiffs would like to attempt to free up certain cash collateral owed to their respective sureties by allowing these entries to liquidate.

Plaintiff Cambria, the only party to oppose this motion, is not the party collecting the money owed. There is no risk of harm or hardship to Cambria that will result from the partial dissolution of the statutory injunctions. There is also no financial loss or otherwise at stake for Plaintiff.

Rather, it is the United States' potential duties owed that are in question. To this end the Government, very reasonably, has consented to the partial dissolution of the injunctions making clear that the Government understands each party has a right to seek dissolution of its own injunction.

For the foregoing reasons, Consolidated Plaintiffs respectfully request that this Court grant this motion, employ its discretion to partially dissolve the statutory injunctions for the entries described in the enclosed Appendices, and enter the enclosed orders.

          Respectfully submitted,

          /s/ Jonathan T. Stoel
          Jonathan T. Stoel
          Jared R. Wessel
          Nicholas R. Sparks
          Cayla D. Ebert

          HOGAN LOVELLS US LLP
          Columbia Square Building
          555 Thirteenth Street, NW
          Washington, DC 20004-1109
          Phone: +1.202.637.6634
          Fax: +1.202.637.5910
          E-mail: jonathan.stoel@hoganlovells.com

          *Counsel to M S International, Inc. and Arizona Tile, LLC*

November 17, 2023

# APPENDIX 1

**Importer Name**: M S International, Inc.

**Indian Producers and/or Exporters:**

- BABA SUPER MINERALS PVT LTD
- CAMROLA QUARTZ LIMITED
- CHARIOT INTERNATIONAL PVT LTD
- CUARZO
- ESPRIT STONES PVT. LTD.
- GLOWSTONE INDUSTRIES PVT LTD
- KEROS STONE LLP
- MAHI GRANITES PVT LTD
- PACIFIC INDUSTRIES LIMITED
- PACIFIC QUARTZ SURFACES LLP
- PARADIGM STONE INDIA PVT LTD
- PELICAN QUARTZ STONE
- ROCKS FOREVER
- SAFAYAR CERAMICS PVT LTD
- SATYA EXPORTS
- SOUTHERN ROCKS & MINERALS PVT LTD

## APPENDIX 2

**Importer Name**: Arizona Tile, LLC

**Indian Producers and/or Exporters:**

- ARO GRANIT IND-QUARTZ
- ESPRIT STONES PVT. LTD.
- MARUDHAR ROCKS INTERNATIOAL PVT LTD
- PACIFIC INDUSTRIES LIMITED
- PACIFIC QUARTZ SURFACES LLP
- PARADIGM STONE INDIA PVT LTD
- QUARTZKRAFT LLP

# UNITED STATES COURT OF INTERNATIONAL TRADE
## NEW YORK

BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | |
|---|---|
| CAMBRIA COMPANY LLC,<br><br>    Plaintiff,<br><br>and<br><br>ANTIQUE MARBONITE PRIVATE LIMITED, SHIVAM ENTERPRISES, PRISM JOHNSON LIMITED; ARIZONA TILE, LLC; M S INTERNATIONAL, INC.; AND PNS CLEARANCE LLC,<br><br>    Consolidated Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>    Defendant,<br><br>and<br><br>APB TRADING, LLC; COSMOS GRANITE (WEST) LLC;COSMOS GRANITE (SOUTH EAST) LLC; COSMOS GRANITE (SOUTH WEST) LLC; CURAVA CORPORATION; DIVYASHAKTI GRANITES LIMITED; DIVYASHAKTI LIMITED; MARUDHAR ROCKS INTERNATIONAL PVT LTD; OVERSEASMANUFACTURING AND SUPPLY INC. D/B/A MERRIMACK STONE INDUSTRIES; QUARTZKRAFT LLP; STRATUS SURFACES LLC;  FEDERATION OF INDIAN QUARTZ  SURFACE INDUSTRY; ARIZONA TILE, LLC; M S INTERNATIONAL, INC.; AND PNS CLEARANCE LLC,<br><br>    Defendant-Intervenors. | Consol. Court No. 23-00007 |

## ORDER

Upon consideration of the Partial Consent Motion to Partially Dissolve Injunction of Liquidation filed by Consolidated Plaintiff M S International, Inc., and upon consideration of all other pleadings, papers and proceedings herein, it is hereby

**ORDERED** that Consolidated Plaintiff M S International, Inc.'s Motion is **GRANTED**, and it is further,

**ORDERED** that the injunction covering subject entries produced and/or exported from India to the United States by the following companies for which Consolidated Plaintiff M S International Inc. served as the Importer of Record, that were entered, or withdrawn from warehouse, for consumption, during the period December 13, 2019 through May 31, 2021 (exclusive of entries made from June 10, 2020 through June 18, 2020), is dissolved and the suspension of covered entries thus lifted.

- BABA SUPER MINERALS PVT LTD
- CAMROLA QUARTZ LIMITED
- CHARIOT INTERNATIONAL PVT LTD
- CUARZO
- ESPRIT STONES PVT. LTD.
- GLOWSTONE INDUSTRIES PVT LTD
- KEROS STONE LLP
- MAHI GRANITES PVT LTD
- PACIFIC INDUSTRIES LIMITED
- PACIFIC QUARTZ SURFACES LLP
- PARADIGM STONE INDIA PVT LTD
- PELICAN QUARTZ STONE
- ROCKS FOREVER
- SAFAYAR CERAMICS PVT LTD
- SATYA EXPORTS

- SOUTHERN ROCKS & MINERALS PVT LTD

**IT IS SO ORDERED.**

Dated: _____      _____
      New York, New York                                         Mark A. Barnett, Chief Judge

UNITED STATES COURT OF INTERNATIONAL TRADE
NEW YORK

BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | |
|---|---|
| CAMBRIA COMPANY LLC,<br><br>Plaintiff,<br><br>and<br><br>ANTIQUE MARBONITE PRIVATE LIMITED, SHIVAM ENTERPRISES, PRISM JOHNSON LIMITED; ARIZONA TILE, LLC; M S INTERNATIONAL, INC.; AND PNS CLEARANCE LLC,<br><br>Consolidated Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant,<br><br>and<br><br>APB TRADING, LLC; COSMOS GRANITE (WEST) LLC;COSMOS GRANITE (SOUTH EAST) LLC; COSMOS GRANITE (SOUTH WEST) LLC; CURAVA CORPORATION; DIVYASHAKTI GRANITES LIMITED; DIVYASHAKTI LIMITED; MARUDHAR ROCKS INTERNATIONAL PVT LTD; OVERSEASMANUFACTURING AND SUPPLY INC. D/B/A MERRIMACK STONE INDUSTRIES; QUARTZKRAFT LLP; STRATUS SURFACES LLC;  FEDERATION OF INDIAN QUARTZ  SURFACE INDUSTRY; ARIZONA TILE, LLC; M S INTERNATIONAL, INC.; AND PNS CLEARANCE LLC,<br><br>Defendant-Intervenors. | Consol. Court No. 23-00007 |

# **ORDER**

Upon consideration of the Partial Consent Motion to Partially Dissolve Injunction of Liquidation filed by Consolidated Plaintiff, Arizona Tile, LLC, and upon consideration of all other pleadings, papers and proceedings herein, it is hereby

**ORDERED** that Consolidated Plaintiff Arizona Tile, LLC's Motion is **GRANTED**, and it is further,

**ORDERED** that the injunction covering subject entries produced and/or exported from India to the United States by the following companies for which Consolidated Plaintiff Arizona Tile, LLC served as the Importer of Record, that were entered, or withdrawn from warehouse, for consumption, during the period December 13, 2019 through May 31, 2021 (exclusive of entries made from June 10, 2020 through June 18, 2020), is dissolved and the suspension of covered entries thus lifted.

- ARO GRANIT IND-QUARTZ
- ESPRIT STONES PVT. LTD.
- MARUDHAR ROCKS INTERNATIONAL PVT LTD
- PACIFIC INDUSTRIES LIMITED
- PACIFIC QUARTZ SURFACES LLP
- PARADIGM STONE INDIA PVT LTD
- QUARTZKRAFT LLP

**IT IS SO ORDERED.**

Dated: _____   _____
New York, New York                          Mark A. Barnett, Chief Judge