# UNITED STATES COURT OF INTERNATIONAL TRADE
# NEW YORK

BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | |
|---|---|
| CAMBRIA COMPANY LLC,<br><br>Plaintiff,<br><br>and<br><br>ANTIQUE MARBONITE PRIVATE LIMITED, SHIVAM ENTERPRISES, PRISM JOHNSON LIMITED; ARIZONA TILE, LLC; M S INTERNATIONAL, INC.; AND PNS CLEARANCE LLC,<br><br>Consolidated Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant,<br><br>and<br><br>APB TRADING, LLC; COSMOS GRANITE (WEST) LLC;COSMOS GRANITE (SOUTH EAST) LLC; COSMOS GRANITE (SOUTH WEST) LLC; CURAVA CORPORATION; DIVYASHAKTI GRANITES LIMITED; DIVYASHAKTI LIMITED; MARUDHAR ROCKS INTERNATIONAL PVT LTD; OVERSEASMANUFACTURING AND SUPPLY INC. D/B/A MERRIMACK STONE INDUSTRIES; QUARTZKRAFT LLP; STRATUS SURFACES LLC;  FEDERATION OF INDIAN QUARTZ  SURFACE INDUSTRY; ARIZONA TILE, LLC; M S INTERNATIONAL, INC.; AND PNS CLEARANCE LLC,<br><br>Defendant-Intervenors. | Consol. Court No. 23-00007 |

**CONSOLIDATED PLAINITIFFS' RESPONSE TO CAMBRIA'S**
**MOTION FOR STATUTORY INJUNCTION**

Pursuant to CIT Rule 7(b) and this Court's November 17, 2023 Order, ECF 66, Consolidated Plaintiffs M S International, Inc., PNS Clearance LLC and Arizona Tile, LLC (together, "Consolidated Plaintiffs"), respectfully submit this response in opposition to the November 17, 2023 Partial Consent Motion for Statutory Injunction, ECF No. 63 submitted by Plaintiff Cambria Company LLC ("Cambria"). Cambria filed its Complaint in this appeal on February 10, 2023, ECF No. 14, and, in doing so, triggered the 30-day deadline established in CIT Rule 56.2(a)(4)(A) for requesting an injunction on liquidation. This deadline expired on March 13, 2023 without Cambria, and its experienced counsel, asking for an injunction. Cambria, in a case, which at its core involves an inadvertently missed deadline of only a few hours, then filed – *eight months out-of-time* – its motion seeking an injunction to enjoin liquidation on a wide swath of entries at issue in this case. Pl.'s Partial Consent Motion for Statutory Injunction, ECF No. 63 ("Cambria's Motion"). For the reasons set forth below and in Consolidated Plaintiffs' November 17, 2023 Motion to Partially Dissolve Injunction of Liquidation, ECF No. 64 ("Consolidated Plaintiffs' Motion to Dissolve"), this Court should (a) deny Cambria's Motion as both untimely and lacking on the merits, and (b) grant Consolidated Plaintiffs' Motion to Dissolve.

Cambria filed its Summons and Complaint with this Court on January 11, 2023, and February 10, 2023, respectively. ECF Nos. 1, 14. 1/ Cambria did not file a motion for statutory

---

1/   Consolidated Plaintiffs timely filed their own Summons and Complaint with this Court on January 31, 2023 and February 10, 2023, respectively. Summons, *Arizona Tile LLC v. United States*, No. 23-19, (Ct. Int'l Trade Jan. 31, 2023), ECF No. 1; Complaint, *Arizona Tile*, No. 23-19, (Ct. Int'l Trade Feb. 10, 2023), ECF No. 12. Consolidated Plaintiffs then timely filed their Form 24 Requests for Statutory Injunction Upon Consent (the "Requests") on February 13, 2023. Form 24 Requests for Statutory Injunction Upon Consent, *Arizona Tile*, No. 23-19, (Ct. Int'l Trade Feb. 13, 2023), ECF Nos. 14, 15. This Court granted Consolidated Plaintiffs' Requests on the same day. Order for Statutory Injunction Upon Consent, *Arizona Tile*, No. 23-19, (Ct. Int'l Trade

injunction within the 30-day deadline plainly established by CIT Rule 56.2(a)(4)(A).  This Court subsequently joined Consolidated Plaintiffs' separate appeal with other related appeals filed by Cambria, Antique Marbonite Private Limited et al., APB Trading LLC et al., and the Federation of Indian Quartz Surface Industry.  Notably, consolidation occurred after the statutory injunction deadline in Cambria's action.  Consol. Order, Mar. 17, 2023, ECF No. 40.  At the time of consolidation, Cambria yet again did not seek its own injunction in this consolidated action.  Cambria likewise never sought an injunction on liquidation in any of the related cases in which Cambria intervened, including in Consolidated Plaintiffs' original action before this Court, *Arizona Tile v. United States*, CIT Case No. 23-19.

Accordingly, it is undisputed that Cambria failed to timely seek its own injunction before the deadline set forth in CIT Rule 56.2(4)(A).  Cambria now seeks to remedy its mistake— ***249 days*** after this Court's thirty (30)-day deadline passed.  Cambria's request for relief from this manifest error should be rejected.  Cambria has failed to both (1) demonstrate good cause justifying its tardy request, and (2) satisfy the showing required for the imposition of a preliminary injunction.  This Court should therefore deny its request and also grant Consolidated Plaintiffs' Motion to Dissolve.

---

Feb. 13, 2023), ECF Nos. 17, 18.  These injunctions were requested and granted in accordance with CIT Rule 56.2(a)(4)(A), and the Requests were submitted well in advance of the 30-day deadline plainly established by this rule.

**I.      LEGAL STANDARD**

CIT Rule 56.2(a)(4)(A) provides:

> Any motion for a statutory injunction, or a Form 24 proposed order for a statutory injunction upon consent, to enjoin the liquidation of entries that are the subject of the action ***must*** be filed by a party to the action within 30 days after service of the complaint, or at such later time, for good cause shown. (emphasis added).

The same rule requires that "[p]rior to the filing of the motion, the movant must consult with all other parties to the action in accordance with Rule 7(b)." The specific instructions for Form 24 provide that if "any party opposes the injunction, then regular motion practice should be followed." Ct. of Int'l Trade, Form 24.

CIT Rule 56.2(a)(4)(A) mandates that requests for injunction "***must***" be filed within 30 days of the service of the complaint, absent good cause. The CIT has indicated that the term "good cause" means "that good reason must exist and that relief must not unfairly prejudice the opposing party or the interests of justice." *Zhejiang Native Produce & Animal By-Prod. Imp. & Exp. Corp. v. United States*, 61 F. Supp. 3d 1358, 1364 (Ct. Int'l Trade 2015) (citations omitted). For the reasons set forth below, Cambria has failed to establish good cause to excuse its eight month delay in seeking an injunction and the requested relief would prejudice the opposing parties and interests of justice.

Under 28 U.S.C. § 2643 and CIT Rule 65, this Court may grant injunctive relief or, as respectfully requested by Consolidated Plaintiffs, partially dissolve previously granted injunctive relief. When determining whether to grant preliminary injunctive relief, this Court typically considers whether the following four factors have been met: (1) whether the party will incur irreparable harm in the absence of such injunction; (2) whether the party is likely to succeed on the merits of the action; (3) whether the balance of hardships favors the imposition of the injunction; and (4) whether the injunction is in the public interest. *Nexteel Co. Ltd. v. United*

4

*States*, 393 F.Supp.3d 1287, 1292 (Ct. Int'l Trade 2019) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008)). Courts are generally inclined to allow a party to dissolve its own injunction (or parts of its injunction) as it sees fit. *See generally Commodity Futures Trading Commission v. Bame*, No. CV 08–05593, 2009 WL 10675779 (C.D. Cal. Jul. 1, 2009) (Federal District Court relying on its "power to modify or dissolve a preliminary injunction" to grant Plaintiff's motion in part to modify own requested preliminary injunction).

## II. CAMBRIA HAS FAILED TO DEMONSTRATE GOOD CAUSE JUSTIFYING ITS UNTIMELY FILING

The Court should deny Cambria's Motion because it was filed hundreds of days late and without the requisite good cause to justify the delay. Given the substance of the underlying issues in this case, the fact that Cambria now asks this Court to ignore its grossly untimely submission is remarkable. In its own submissions Cambria has lauded, for example, "required adherence to filing deadlines." Pl.'s Mot. for J. on the Agency R. 9, n.2, ECF No. 56. This Court should take Plaintiff's adoption of this position in its consideration of the instant Motion.

Cambria concedes that its Motion falls wildly outside the deadline established by the rules of this Court. Nonetheless, Cambria maintains that good cause supports its late request. Cambria's Mot. at 3. Specifically, Cambria contends that good cause exists in three ways: (1) the CIT enjoined liquidation of certain entries in Consolidated Plaintiffs' separate case prior to consolidation with Cambria's appeal; (2) Cambria's claims may become moot if the Court does not grant its request; and (3) issuance of an injunction at this stage in the litigation would not prejudice Consolidated Plaintiffs or the interests of justice. *Id*. None of these arguments demonstrates good cause.

Regarding its first point, Cambria cannot rely on Consolidated Plaintiffs' timely-filed Form 24s (i.e., their injunctions) in their separately initiated proceeding to find good cause

justifying Cambria's late filing here.  As an initial matter, Cambria cannot argue that it relied on the Consolidated Plaintiffs' injunctions to afford the protection Cambria now apparently desires nearly 250 days later.  Specifically, Cambria contends that it had no need to request an injunction within 30 days of its Complaint, as required by the CIT's plain rule, because this Court separately enjoined certain entries in *Arizona Tile*, CIT Case No. 23-19, which was ultimately consolidated into the above-captioned proceeding.  Cambria's Mot. At 3.  But, Cambria's 30-day window for requesting an injunction expired on March 13, 2023, prior to this Court's March 17, 2023 consolidation of these actions.  Simply put, Cambria's reliance is unreasonable.

Moreover, Cambria is now requesting injunctions to cover, with the exception of the mandatory respondents, ***all*** Indian producers/exporters subject to the administrative review, not only the narrower list of importers producers/exporters specified in the CIT Form 24s timely filed by Consolidated Plaintiffs.  Therefore, at this very late stage, Cambria is seeking to expand the set of enjoined entries.

Cambria is thus attempting to justify its failure to act timely based on (a) narrower injunctions secured by adverse parties that were (b) sought in a separate proceeding prior to consolidation with Cambria's own case.  This is not good faith reliance and, in turn, not good cause.  If securing broad injunctions on liquidation was fundamental to Cambria's claims, as it now posits, Cambria should have timely requested injunctive relief after filing a complaint in its appeal.  In sum, Consolidated Plaintiffs' timely filed request for an injunction before this Court simply has nothing to do with Cambria's underlying failure to file timely for its own injunctive relief.

As to its second point, Cambria claims that if this Court does not grant its request, Cambria's "appeal will potentially be moot for a lack of available relief and the CIT may no longer

have jurisdiction over this appeal." Cambria's Mot. at 5.  Cambria thus reasons that liquidation necessarily moots a litigant's rights in any Rule 56.2 appeal.  Under Cambria's reasoning, however, "good cause" would exist to grant an injunction at any stage of any Rule 56.2 litigation and the CIT's 30-day deadline would become meaningless.  That is, if liquidation strips the CIT of jurisdiction, as Cambria asserts, and maintaining jurisdiction is always "good cause," then litigants could, as a matter of course, disregard the 30-day deadline that Rule 56.2 states they "*must*" observe.  If Cambria was so concerned that failing to secure an injunction would moot its claims, Cambria should have timely moved for an injunction in accordance with the CIT's Rules, much like Cambria was required to file a summons and complaint timely in order to preserve its claims.

Moreover, if this Court grants Consolidated Plaintiffs' Motion to Dissolve for partial dissolution, an injunction will remain in place with respect to, for example, entries made by PNS Clearance LLC.  Moreover, the cash deposit rate for any exporter not covered by the recently completed administrative review of quartz surface products from India will also not be impacted if this Court grants Consolidated Plaintiffs' Motion to Dissolve.  For these additional, straight-forward reasons, Cambria's legal claims here will not be mooted if Consolidated Plaintiffs' Motion to Dissolve is granted and Cambria's Motion is denied.  This is yet another reason why Cambria's assertion of mootness must fail.

Cambria also claims that "good cause" is warranted because granting an untimely injunction request would not prejudice Consolidated Plaintiffs.  Cambria is simply wrong.  Cambria wholly ignores the hardships that would be borne by the Consolidated Plaintiffs (i.e., the entities that timely asked for an injunction and made their duty deposits) if this Court were to grant Cambria's Motion.  Consolidated Plaintiffs' Motion to Dissolve describes how enjoining Customs

7

from liquidating the specified entries imposes hardships on Consolidated Plaintiffs. Consolidated Plaintiffs have respectfully asked this Court to dissolve their own injunctions on almost all entries (but for one producer), pay the duty amounts asserted by the Government, and move on to continue with their business with the increased certainty of knowing their tariff liability. The continued uncertainty with respect to the disposition of these deposits causes harm to Consolidated Plaintiffs who paid the deposits, not to Cambria. Cambria's additional arguments regarding the interests of justice fare no better. Rather, they would demote this Court's 30-day deadline for injunctive relief into a mere suggestion of convenience in every appeal governed by Rule 56.2.

Lastly, and notably, Cambria has relied entirely on its theory of "good cause," and has not requested an extension of time for filing its injunction request out of time. In any event, granting such an extension would be inappropriate because Cambria has not shown that it "failed to act because of excusable neglect or circumstances beyond the control of the party." CIT Rule 6(b)(1)(B).

Accordingly, for these reasons, Cambria's Motion does not demonstrate good cause for its failure to seek timely injunctive relief in accordance with CIT Rule 56.2(a)(4)(A) and should thus be denied.

### III. CAMBRIA HAS FAILED TO DEMONSTRATE THAT THE PRELIMINARY INJUNCTION FACTORS HAVE BEEN MET

In addition to failing to demonstrate that good cause exists for this Court to consider its tardy motion, Cambria has also failed to show that the four requisite factors favor granting its requested preliminary injunctive relief. A preliminary injunction is an "extraordinary remedy" that should be granted sparingly. *Fuyao Glass Indus. Grp. Co. et al v. United States*, 27 C.I.T. 1321, 1323 (2003); *Olympia Indus., Inc. v. United States*, 30 C.I.T. 12, 14 (2006). Contrary to Cambria's claims: (1) Cambria would not suffer irreparable harm in the absence of an

injunction; (2) Cambria is unlikely to succeed on the merits of the action; (3) the balance of hardships weighs in favor of Consolidated Plaintiffs; and (4) Cambria's requested statutory injunction is not in the public interest.

First, and most importantly, there is no risk of harm or hardship to Cambria that will result from liquidation of the entries (particularly, the partial dissolution of the statutory injunctions requested by Consolidated Plaintiffs). There is also no financial loss or other loss at stake for Cambria. Cambria does not collect duties from importers. Rather, it is the United States' potential duties owed that are in question, and the Government has not sought to prevent the pertinent entries from liquidating. To the extent the Cambria could be harmed by future imports or the precedent of the case as it relates to the all-others rate, litigation regarding these topics will remain on-going.

Moreover, it is disingenuous for Cambria to claim irreparable harm now when Cambria allowed nearly 250 days to pass after the expiry of the deadline established in Rule 56.2(a)(4)(A). Commerce issued liquidation instructions with respect to the underlying Commerce administrative determination at issue in this appeal on February 16, 2023. Cambria thus plainly knew that certain entries were going to liquidate and yet took no action – for more than two-thirds of a year – in order to prevent Customs from taking that step. This Court should take judicial notice of Cambria's failure to act timely as clear evidence that no irreparable harm will occur if Cambria's Motion is denied and Consolidated Plaintiffs' Motion to Dissolve is granted.

Second, Cambria is unlikely to succeed on the merits of this action. Commerce's use of the pull-forward methodology for the all-others rate is supported by sufficient reasoning and should be upheld. On November 20, 2023, the United States timely filed its opposition to Cambria's claims in this regard, and Consolidated Plaintiffs intend to supplement the

9

Government's position in their opposition to be filed on December 11, 2023.  Moreover, Cambria's Motion adds little to demonstrate that it will likely prevail on the merits of this appeal.

Third, when reviewing the balance of hardships faced by each party, the balance weighs in favor of the Consolidated Plaintiffs, not Cambria.  The entries at issue in this case, which Cambria seeks to enjoin, are not Cambria's entries.  Rather, they are the entries of the interested importers participating in this case – many of whom did not request a statutory injunction to enjoin their entries from liquidation, or are those of Consolidated Plaintiffs, who are now seeking to liquidate those entries.  The entries in question were originally made in December 2019 through May 2021, and now four years later in some cases, Consolidated Plaintiffs seek final resolution of these entries.  As such, Consolidated Plaintiffs would rather simply pay the duties imposed by the Government for the specified entries, rather than continue to deal with the harm caused by the significant uncertainty from suspension of liquidation and an elongated appeal.

On the other hand, Consolidated Plaintiffs' Motion to Dissolve explains that the ongoing litigation over these entries is going to take a considerable amount of time.  Cons. Pls.' Mot. to Dissolve, ECF No. 64 at 6–7 (citing *Stone World Podcasts, Future of Anti-Dumping with Cambria – Part 3*, Stone World, at 18:00-22:00 (Sept. 11, 2023) (interview with Martin Davis, Chief Executive Officer of Cambria Company LLC)).  Cambria's CEO has stated publicly that he intends to fight this issue vigorously, which means that any finality on this issue will not be had for a long period of time.  *Id.*  This lengthy uncertainty is not in Consolidated Plaintiffs' interests, particularly due to the undefined liability being maintained on their books and records.  Moreover, Consolidated Plaintiffs would also like to free up certain cash collateral owed to their respective sureties by allowing these entries to liquidate and halt the accrual of interest potentially owed to the Government.  In sum, the balance of hardships thus clearly weighs in favor of the liquidation

of entries as requested in Consolidated Plaintiffs' Motion to Dissolve due to the potential harm to the companies while they await the outcome of this appeal.

Fourth, it is not in the public interest for this Court to grant a grossly out-of-time motion for statutory injunction to enjoin certain entries made by parties who do not consent to the relief being untimely requested.  The CIT's Rules on timing should be enforced, and this Court should hold parties accountable for their failure to meet its clear deadlines.  It is not in the public interest to grant an injunction that, for no apparent reason, was not sought prior to the expiry of the 30-day deadline – some 249 days ago – plainly established in the CIT Rules.  Moreover, subject to this Court's discretion, litigants are the masters of their own injunctions against the liquidation of their own entries, particularly when such injunctions have been timely requested with the consent of all parties currently in the litigation.  *See* Form 24 Requests for Statutory Injunction Upon Consent, *Arizona Tile*, No. 23-19, (Ct. Int'l Trade Feb. 13, 2023), ECF Nos. 14, 15.  Cambria should not belatedly be permitted to intercede and be given control over the injunctive relief timely obtained by Consolidated Plaintiffs.  Finally, the public interest certainly does not lie at this late stage in having this Court grant injunctive relief with respect to additional entries that have never before been covered by any injunctive relief.

For these reasons, Consolidated Plaintiffs respectfully ask this Court to dissolve their own injunctions on almost all entries (but for one producer), pay the amounts asserted by the Government, and move on with their business. Cons. Pls.' Mot. to Dissolve, ECF No. 64 at 6–7.  Granting this relief is in the public interest and is consistent with the efficient administration of this Court's rules.

## IV.   CONCLUSION

Plaintiff Cambria's Motion seeks to justify its own tardiness and error in failing to seek injunctive relief nearly 250 days ago.  There is no good cause for this Court to accede to this request, and the merits do not support it.  For the foregoing reasons and those set forth in Consolidated Plaintiffs' Motion to Dissolve, the Court should deny Cambria's Motion and grant the relief set forth in the draft Orders provided in Consolidated Plaintiffs' Motion to Dissolve.

    Respectfully submitted,

    /s/ Jonathan T. Stoel
    Jonathan T. Stoel
    Jared R. Wessel
    Nicholas R. Sparks
    Cayla D. Ebert

    HOGAN LOVELLS US LLP
    Columbia Square Building
    555 Thirteenth Street, NW
    Washington, DC 20004-1109
    Phone:  +1.202.637.6634
    Fax:  +1.202.637.5910
    E-mail: jonathan.stoel@hoganlovells.com

    *Counsel to M S International, Inc., PNS Clearance LLC, and Arizona Tile, LLC*

December 1, 2023

# UNITED STATES COURT OF INTERNATIONAL TRADE
# NEW YORK

BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | |
|---|---|
| CAMBRIA COMPANY LLC,<br><br>    Plaintiff,<br><br>and<br><br>ANTIQUE MARBONITE PRIVATE LIMITED, SHIVAM ENTERPRISES, PRISM JOHNSON LIMITED; ARIZONA TILE, LLC; M S INTERNATIONAL, INC.; AND PNS CLEARANCE LLC,<br><br>    Consolidated Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>    Defendant,<br><br>and<br><br>APB TRADING, LLC; COSMOS GRANITE (WEST) LLC;COSMOS GRANITE (SOUTH EAST) LLC; COSMOS GRANITE (SOUTH WEST) LLC; CURAVA CORPORATION; DIVYASHAKTI GRANITES LIMITED; DIVYASHAKTI LIMITED; MARUDHAR ROCKS INTERNATIONAL PVT LTD; OVERSEASMANUFACTURING AND SUPPLY INC. D/B/A MERRIMACK STONE INDUSTRIES; QUARTZKRAFT LLP; STRATUS SURFACES LLC;  FEDERATION OF INDIAN QUARTZ  SURFACE INDUSTRY; ARIZONA TILE, LLC; M S INTERNATIONAL, INC.; AND PNS CLEARANCE LLC,<br><br>    Defendant-Intervenors. | Consol. Court No. 23-00007 |

## **ORDER**

Upon consideration of the Partial Consent Motion for Statutory Injunction filed by Plaintiff Cambria Company LLC, and upon consideration of all other pleadings, papers and proceedings herein, it is hereby

**ORDERED** that Plaintiff Cambria Company LLC's Motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: _____              _____
       New York, New York                                       Mark A. Barnett, Chief Judge