UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| CAMBRIA COMPANY LLC,<br><br>    Plaintiff,<br><br>ANTIQUE MARBONITE PRIVATE LIMITED, SHIVAM ENTERPRISES, PRISM JOHNSON LIMITED; ARIZONA TILE, LLC; M S INTERNATIONAL, INC.; AND PNS CLEARANCE LLC,<br><br>    Consolidated-Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>    Defendant,<br><br>APB TRADING, LLC; COSMOS GRANITE (WEST) LLC; COSMOS GRANITE (SOUTH EAST) LLC; COSMOS GRANITE (SOUTH WEST) LLC; CURAVA CORPORATION; DIVYASHAKTI GRANITES LIMITED; DIVYASHAKTI LIMITED; MARUDHAR ROCKS INTERNATIONAL PVT LTD; OVERSEASMANUFACTURING AND SUPPLY INC. D/B/A MERRIMACK STONE INDUSTRIES; QUARTZKRAFT LLP; STRATUS SURFACES LLC; FEDERATION OF INDIAN QUARTZ SURFACE INDUSTRY; ARIZONA TILE, LLC; M S INTERNATIONAL, INC.; AND PNS CLEARANCE LLC,<br><br>    Defendant-Intervenors. | Before: Mark A. Barnett, Chief Judge<br>Consol. Court No. 23-00007 |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO CONSOLIDATED PLAINTIFFS' MOTION TO PARTIALLY DISSOLVE INJUNCTION OF LIQUIDATION**

Pursuant to the Order issued by the Court on November 17, 2023 (ECF 66), Plaintiff

Cambria Company LLC ("Cambria") hereby submits its response in opposition to the motion

filed by Consolidated Plaintiffs M S International, Inc. ("MSI") and Arizona Tile, LLC ("Arizona Tile") to partially dissolve the statutory injunctions (ECF Nos. 17, 18) granted on February 13, 2023, in *Arizona Tile LLC et al v. United States*, No. 23-19 (Ct. Int'l Trade) which has been consolidated into the instant case. For the reasons set forth below, the Consolidated Plaintiffs' motion should be denied.

I.   **The Relevant Statutory Provisions and the Terms of the Preliminary Injunction Do Not Contemplate Dissolution of the Injunctions**

MSI and Arizona Tile filed Form 24 requests for statutory injunctions on February 13, 2023, *Arizona Tile*, No. 23-19 (ECF Nos. 14, 15). This Court granted Consolidated Plaintiffs' requests on the same day. *See* Orders for Statutory Injunction, *Arizona Tile*, No. 23-19, (Ct. Int'l Trade Feb. 13, 2023) (ECF Nos. 17, 18). Consolidated Plaintiffs now seek to partially dissolve the injunctions they previously sought and which this Court granted. *See* Consolidated Plaintiffs' Motion to Dissolve Preliminary Injunctions (Nov. 17, 2023) (ECF 64) ("Consolidated Plaintiffs' Motion") at 3. However, the relevant statutory provisions that govern the issuance of preliminary injunctions in cases filed under 19 U.S.C. § 1581(c), as well as the terms of the injunctions themselves, weigh against the partial dissolution that they seek.

In particular, the relevant language of the statute, 19 U.S.C. § 1516a(e), provides that "{i}f the cause of action is sustained in whole or in part by a decision of the United States Court of International Trade or of the United States Court of Appeals for the Federal Circuit … entries, the liquidation of which was enjoined under subsection (c)(2) of this section, *shall be liquidated in accordance with the final court decision in the action*" (emphasis added). Because there has been no final decision in this case, under the terms of the statute, liquidation of the entries at issue must remain enjoined until a final decision has been reached. *See Hosiden Corp. v. Advanced Display Mfrs. Of America*, 85 F.3d 589, 591 (Fed.Cir.1996) ("19 U.S.C. § 1516a(e)

2

requires that liquidation, once enjoined, remains suspended until there is a '*conclusive* court decision which decides the matter, so that subsequent entries can be liquidated in accordance with that conclusive decision'") (quoting *Timken Co. v. United States*, 893 F.2d 337, 342 (Fed.Cir.1990)) (emphasis by Federal Circuit)). *See also AIMCOR Alabama Silicon, Inc. v. United States*, 83 F.Supp.2d 1293 (Ct. Int'l Trade 1999) (recognizing that the statutory provisions in 19 U.S.C. § 1516a(e) weighed against the dissolution of a preliminary injunction previously granted by the court).

The terms and conditions of the injunctive orders granted by the Court also weigh against the partial dissolution that Consolidated Plaintiffs seek. *See* Orders for Statutory Injunction, *Arizona Tile*, No. 23-19, (Ct. Int'l Trade Feb. 13, 2023) (ECF Nos. 17, 18). In particular, the orders state that the Defendant, the United States, is enjoined during the pendency of this litigation, including any appeals, from issuing instructions to liquidate or making or permitting liquidation of certain unliquidated entries that were the subject of the final results the administrative review being challenged in this court action. *Id.* The orders also specifically instruct that "the entries subject to this injunction *shall be liquidated in accordance with the final court decision in this action*, including all appeals and remand proceedings, as provided in 19 U.S.C. § 1516a(e)." *Id.* (emphasis added). *See also AIMCOR*, 83 F. Supp. 2d at 1293 (recognizing that terms of the injunction issued by the court weighed against the dissolution the injunction).

In sum, under both the statute and the express terms of the injunctive orders, liquidation of entries must be enjoined until after the *final and conclusive Court decision in this action* covering the subject entries.

**II.     The Changed Circumstances Alleged by Consolidated Plaintiffs Do Not Warrant Dissolution**

Consolidated Plaintiffs claim that a change in circumstances has occurred since the Court first issued the preliminary injunctions that warrants their partial dissolution. *See* Consolidated Plaintiffs' Motion at 5. They have failed, however, to meet the relevant standard for showing a change in circumstances that would warrant dissolution of the injunction.

The Court has previously recognized that it has the "inherent power and the discretion to modify injunctions for changed circumstances." *AIMCOR*, 83 F. Supp. 2d at 1299 (citing *System Federation No. 91 v. Wright*, 364 U.S. 642, 647 (1961) and *Sierra Club v. U.S. Army Corps of Engineers*, 732 F.2d 253, 256 (2d Cir.1984), *cert. denied*, 475 U.S. 1084 (1984)). However, "a party moving for modification bears the burden of showing that changed circumstances, legal or factual, make the continuation of the injunction inequitable." *Id.* (citing *Favia v. Indiana University of Pennsylvania*, 7 F.3d 332, 340 (3d Cir.1993). The party "must establish a change in circumstances of the parties from the time the injunction was issued that would make the modification necessary. Additionally, the party seeking to modify a {statutory} injunction bears the burden of establishing a change in circumstances that would make continuation of the original {statutory} injunction inequitable." *Ad Hoc Shrimp Trade Action Comm. v. United States*, 32 CIT 666, 670, 562 F.Supp.2d 1383, 1388 (2008) (citing *SNR Roulements v. United States*, 31 CIT 1762, 1764, 521 F.Supp.2d 1395, 1398 (2007)). The requirement "that the moving party meet this dual burden of showing changed circumstances and inequity 'prevents an enjoined party from constantly challenging the imposition of a preliminary injunction and relitigating arguments on motions to dissolve that have already been considered by the district court in its initial decision.'" *Invenergy Renewables LLC v. United States*, 450 F. Supp. 3d 1347,

1361–62 (Ct. Int'l Trade 2020) (quoting *Sprint Commc'ns Co. v. CAT Commc'ns Int'l Inc.*, 335 F.3d 235, 242 (3d Cir. 2003)).

  Here, the change in circumstances alleged by MSI and Arizona Tile is that they "no longer wish to have {the injunctions} in place" because they "would rather simply pay the duties imposed by the Government for these certain entries, rather than continue to deal with the significant uncertainty caused by the continuation of the suspension of liquidation." *See* Consolidated Plaintiffs' Motion at 5. The change of circumstances, in their own words, is their desire to "move on with their business." *Id*. at 6. This claim does not meet the relevant standard for modifying a preliminary injunction against the liquidation of entries pending a final decision by this Court. First, this change in desires does not make the proposed modification "necessary." To the contrary, Consolidated Plaintiffs will be just as able to pay the duties and move on with their business at the conclusion of this litigation as they are at this time. Consolidated Plaintiffs simply seek to avoid the possibility of paying a greater amount of duties as a result of any final decision issued by this Court. Consolidated Plaintiffs have also failed to show a change in circumstances that would make continuation of the injunction inequitable. In fact, dissolving the injunction would be inequitable, because it could potentially moot some of the issues raised in this appeal and undermine the remedial purpose of the antidumping statute.

  This Court's decision in *AIMCOR* – the single case cited by Consolidated Plaintiffs in their motion – is instructive in this regard. There, the Defendant-Intervenor moved to dissolve a preliminary injunction issued by the Court pending a challenge to Commerce's final determination in the countervailing duty investigation on ferrosilicon from Venezuela. *AIMCOR*, 83 F. Supp. 2d at 1299. The Defendant-Intervenor claimed that there was a change in circumstances due to the fact that that the U.S. International Trade Commission ("ITC") had

5

made a negative injury determination after reconsideration of its previous affirmative injury determination, and Commerce had thereafter rescinded the countervailing duty order on ferrosilicon from Venezuela. *Id.* at 1297. The Defendant-Intervenor argued that this change of circumstances warranted dissolution of the preliminary injunction. *Id.* The Court denied the motion on the following grounds:

> The preliminary injunction in the current case was granted *pendente lite,* as permitted by the statute, and once such injunction is granted, a party moving for dissolution must make a very compelling demonstration, both of changed circumstances and resulting inequities for the moving party, to justify dissolution of the injunction prior to a final decision on the merits of the action. Since here prior to a final decision on the merits, dissolution of the preliminary injunction may eviscerate the remedial effects conferred by the countervailing duty statute (*i.e.,* assessment of countervailing duties on the entries the liquidation of which have been enjoined), the potential for a dissolution prior to a final decision to cause irreparable harm to plaintiffs is obvious.

*Id.* at 1299. Noting that the ITC's negative injury determination was still on appeal, the court found "no basis for finding the injunction to be inequitable, or justification for dissolving the preliminary injunction." *Id.* The Court explained that if, after a dissolution of the injunction, plaintiffs were ultimately to prevail in the currently pending cases, entries liquidated without assessment of countervailing duties could not be reliquidated with assessment of countervailing duties in accordance with the final court decision in this case." *Id.*

Consolidated Plaintiffs attempt to distinguish *AIMCOR* from this case on the basis that "in *AIMCOR*, *defendant intervenors* sought to dissolve the preliminary injunction granted in response to *plaintiff's original request*," whereas here "the same parties are seeking (partial) dissolution of their originally requested injunctions." Plaintiffs' M. to Dissolve Prel. Inj. at 5 n.3 (emphasis added). However, Consolidated Plaintiffs fail to explain why this distinction should make any difference in the overall analysis. *See id.* Indeed, it does not make a difference. Here, as in *AIMCOR*, the preliminary injunction was granted, as permitted by the statute, and thus

6

Consolidated Plaintiffs as the parties moving for dissolution had the burden of making "a very compelling demonstration, both of changed circumstances and resulting inequities for the moving party, to justify dissolution of the injunction prior to a final decision on the merits of the action." *Id.* Moreover, because dissolution of the preliminary injunction may eviscerate the remedial effects conferred by the antidumping statute, there a serious potential that dissolution of the injunction prior to a final decision by the Court would cause irreparable harm to Cambria. Thus, as in *AIMCOR*, the motion to dissolve the injunction should be denied.

**III.    Cambria's Actions Do Not Warrant Dissolution of the Preliminary Injunction**

The Court should reject Consolidated Plaintiffs' arguments that Cambria's actions somehow support dissolution of the preliminary injunction. They state that it "is worth noting" that Cambria intervened in this action eleven days after the injunction was granted but did not seek an injunction in its own right. *See* Consolidated Plaintiffs' Motion at 6. While Cambria could have sought its own injunction, after Consolidated Plaintiffs sought and obtained their own injunctions of the relevant entries, Cambria has relied on these injunctions remaining in place. Moreover, as discussed above, the same rationale that led the Court to deny the motion to dissolve a preliminary injunction in *AIMCOR* applies here. Dissolving the injunction would result in the entries not being liquidated in accordance with the final court decision in this action, which is contrary to the statute, and would potentially eviscerate the remedial effects conferred by the trade remedy laws

Consolidated Plaintiffs also cite Cambria's CEO's pledge during an interview with *Stone World* to "fight this issue vigorously" as a reason to dissolve the injunction, because it means "that any finality on this issue will not be had for a long period of time." *Id.* at 6-7. However, the CEO of MSI, the largest importer of quartz surface products in the United States, has for years been pledging to fight the antidumping and countervailing duties imposed by Commerce and the

ITC, including in an interview in *Stone World*. *See, e.g., Stone World*, Tariffs and the Fabricator, a Discussion with Rupesh Shah of MSI (Oct. 18, 2018). The fact that the parties are hotly contesting the appropriate amount of antidumping duties in this case is a compelling reason to maintain the current preliminary injunction so that the relevant entries may be liquidated in accordance with the Court's final decision after resolving the dispute.

The bottom line is that, contrary to the Consolidated Plaintiffs' claims, Cambria's own actions do no support a partial dissolution of the preliminary injunctions.

**IV.    If The Court Grants the Consolidated Plaintiffs' Motion, It Should Simultaneously Grant Cambria's Motion for a Preliminary Injunction**

If the Court ultimately decides to grant the Consolidated Plaintiffs' motion to partially dissolve the existing preliminary injunctions in this action, Cambria respectfully requests that the Court simultaneously grant Cambria's pending motion for a preliminary injunction. As explained in greater detail in Cambria's motion, there is good cause to grant its motion, because a substantial portion of the entries have already been suspended as part of the consolidated action through the prior statutory injunction by the Court. *See* Cambria's Motion for Preliminary Injunction (Nov. 17, 2023) (ECF 63). In addition, there is a potential that Cambria's appeal will be mooted if the entries at issue in this case are liquidated. *Id.* Finally, granting Cambria's motion would not unfairly prejudice either the opposing parties or the interests of justice. *Id.*

Significantly, the Consolidated Plaintiffs note that the Government has consented to their motion for a partial dissolution of the injunctions, which they say makes it "clear that the Government understands each party has a right to seek dissolution of its own injunction." *See* Plaintiffs' M. to Dissolve Prel. Inj. at 7. Cambria similarly notes that the Government has also consented to Cambria's motion for a preliminary injunction, making clear that the Government

also understands that dissolving the prior preliminary injunctions while issuing a new injunction based on Cambria's motion is a proper course of action.

V.  **Conclusion**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Consolidated Plaintiffs' motion to partially dissolve injunction of liquidation. Alternatively, if the Court grants the Consolidated Plaintiff's motion, Cambria respectfully request that the Court simultaneously grant its own motion for a preliminary injunction.

Respectfully submitted,

Roger B. Schagrin
Luke A. Meisner

**SCHAGRIN ASSOCIATES**
900 7th Street, N.W.
Suite 500
Washington, DC 20001
(202) 223-1700

*Counsel to Cambria Company LLC*

Dated: December 1, 2023