**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE**

| | |
|---|---|
| CAMBRIA COMPANY LLC,<br><br>    Plaintiff,<br><br>ANTIQUE MARBONITE PRIVATE LIMITED; PRISM JOHNSON LIMITED; FEDERATION OF INDIAN QUARTZ SURFACE INDUSTRY; and SHIVAM ENTERPRISES,<br><br>    Consolidated-Plaintiffs,<br><br>    v.<br><br>UNITED STATES,<br><br>    Defendant,<br><br>APB TRADING, LLC; ARIZONA TILE LLC; COSMOS GRANITE (SOUTH EAST) LLC; COSMOS GRANITE (SOUTH WEST) LLC; COSMOS GRANITE (WEST) LLC; CURAVA CORPORATION; DIVYASHAKTI GRANITES LIMITED; DIVYASHAKTI LIMITED; FEDERATION OF INDIAN QUARTZ SURFACE INDUSTRY; M S INTERNATIONAL, INC.; MARUDHAR ROCKS INTERNATIONAL PVT LTD.; OVERSEAS MANUFACTURING AND SUPPLY INC.; PNS CLEARANCE LLC; QUARTZKRAFT LLP; and STRATUS SURFACES LLC,<br><br>    Defendant-Intervenors. | Court No. 23-00007 |

**OPPOSITION OF DEFENTANT-INTERVENOR FEDERATION OF INDIAN QUARTZ SURFACE INDUSTRY TO PLAINTIFF'S MOTION FOR STATUTORY INJUNCTION**

Pursuant to Rules 7(b) and 56.2(a)(4) of the Rules of this Court ("USCIT R."), and this

Court's November 17, 2023 Order, ECF No. 66, Defendant-Intervenor Federation of Indian

1

Quartz Surface Industry ("the Federation") hereby respectfully submits its opposition to Plaintiff Cambria Company LLC's ("Cambria") Partial Consent Motion for Statutory Injunction. *See* ECF No. 63 ("Cambria Mot.").[1]

This consolidated action challenges the final results of the U.S. Department of Commerce's ("Commerce") Final Results for the December 13, 2019 to May 31, 2021 antidumping duty administrative review of the antidumping duty order on quartz surface products from India. *Certain Quartz Surface Products From India: Final Results of Antidumping Duty Administrative Review; 2019-2021*, 88 Fed. Reg. 1,188 (Dep't Commerce Jan. 9, 2023) ("*Final Results*") and accompanying Issues and Decision Memorandum ("*Final Results IDM*"). Cambria filed its complaint on February 10, 2023. Cambria's motion for statutory injunction has thus been filed 249 days after the deadline provided for in USCIT R. 56.2(a)(4)(A). The Federation opposes Cambria's motion on the grounds that Cambria lacks good cause for filing its motion out-of-time and because the Federation and its members would be prejudiced by granting Cambria a statutory injunction after the Federation voluntarily dismissed its own appeal of the *Final Results*. Cambria's argument that a statutory injunction was not previously necessary in view of the injunctions granted to other plaintiffs in this consolidated action fails, at least in regard to the Federation, numerous members of which are not covered by any current injunction in this action. Indeed, the Federation dismissed its own appeal of the *Final Results* in part in reliance on the fact that, in the absence of an injunction, the entries of many of its members would liquidate in accordance with the those final review results. Finally, contrary to Cambria's claims, its appeal will not be rendered moot if the entries are

---

[1] A complete list of all Federation members was provided in Attachment 1 of its Motion to Intervene. *See* Consent Motion to Intervene as Def.-Intervenor (Feb. 27, 2023), Court No. 23-00007, ECF No. 24.

liquidated. For these reasons, Cambria's motion should be denied. If the Court nevertheless decides to review Cambria's claim for an injunction, it is clear that Cambria has failed to meet the four factors this Court uses in determining whether an injunction is warranted, and its requested relief should be denied.

## I. Legal Standard

USCIT R. 56.2(a)(4)(A) provides that a motion for a statutory injunction "to enjoin the liquidation of entries that are the subject of the action must be filed by a party to the action within 30 days after service of the complaint, or at such later time, for good cause shown." Neither USCIT R. 56.2 nor case law defines "good cause" in the context of USCIT R. 56.2, but this Court has previously defined the term by looking to USCIT R. 24(a) regarding third-party intervention, which defines "good cause" as "'mistake, inadvertence, surprise or excusable neglect'" or "'circumstances in which by due diligence' the motion could not have been made within the thirty-day period." *Carpenter Tech. Corp. v. United States*, 469 F. Supp. 2d 1313, 1316-17 (Ct. Int'l Trade 2007) (quoting the rule). Good cause means that a party must show "that good reason must exist and that relief must not unfairly prejudice the opposing party or the interests of justice." *Zhejiang Native Produce & Animal By-Prod. Imp. & Exp. Corp. v. United States*, 61 F. Supp. 3d 1358, 1364 (Ct. Int'l Trade 2015) (citations omitted). In determining whether good cause exists for the movant's omission, this Court considers "the danger of prejudice to the {non-movants}, length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Changzhou Hawd Flooring Co. v. United States*, 999 F. Supp. 2d 1330, 1333 (Ct. Int'l Trade 2014) (internal citation omitted).

This Court is empowered to grant injunctive relief pursuant to statute. 28 U.S.C. § 2643.

In determining whether to grant a motion for statutory injunction, this Court assesses the four preliminary injunction factors: (1) whether the movant will suffer irreparable harm if injunctive relief is not granted; (2) whether the movant is likely to succeed on the merits; (3) whether the balance of the hardships weighs in the movant's favor; and (4) whether an injunction is in the public interest. *See Carpenter*, 469 F. Supp. 2d at 1319. An injunction is "extraordinary relief," and the "movant carries the burden to establish a right" to this relief. *FMC Corp. v. United States*, 3 F.3d 424, 427 (Fed. Cir. 1993).

II.     **Good Cause Does Not Exist To Grant Cambria's Motion For Statutory Injunction**

Cambria lacks good cause to support its out-of-time motion for a statutory injunction. It was within Cambria's control to request this injunction within the time limit established by USCIT R. 56.2(a)(4)(A). As the Court made clear in *Carpenter*, good cause is reserved for "excusable neglect" or circumstances in which a party could not, "by due diligence," have made its motion within the applicable time period. *Carpenter*, 469 F. Supp. 2d at 1316-17. Here, Cambria did not apply for a statutory injunction within the 30-day time limit at any stage in this consolidated action, including its own appeal challenging the final review results[2] or in any of the related cases in which it intervened.

Cambria argues that good cause exists for its failure to have complied with the time limit in the rule because "a substantial portion of the entries at issue . . . have already been suspended from liquidation." Cambria Mot. at 3, 5. Cambria thus admits that the existing injunctions do *not* cover all of the entries whose liquidation it now seeks to enjoin. Indeed, there are multiple Federation members whose exports are not covered by the injunctions previously entered in this action. Those exporters include the following companies:

---

[2] *See* Cambria Complaint (Feb. 10, 2023), Ct. No. 23-00007, ECF No. 14.

4

- Antique Granito Shareholders Trust
- Asian Granito India Ltd
- Argil Ceramics
- Divyashakti Granites Limited
- Hi Elite Quartz LLP
- Inani Marbles and Industries Ltd.
- International Stones India Private Limited
- Malbros Marbles & Granites Industries
- Mountmine Imp. & Exp. Pvt., Ltd.
- Paradigm Granite Pvt., Ltd.
- Rose Marbles Ltd.
- Tab India Granites Pvt., Ltd.
- Chaitanya International Minerals LLP
- Colors of Rainbow
- Hilltop Stones Pvt., Ltd.

Additionally, any exports of subject merchandise made by other exporters and imported by importers of record other than Consolidated Plaintiffs M S International, Inc. ("MSI") and Arizona Tile, LLC ("Arizona Tile") are likewise not covered by the existing injunctions. Belatedly enjoining liquidation of those entries would prejudice the Federation and its members by delaying the final assessment of antidumping duties on the affected entries. The Federation timely filed its own appeal of the *Final Results* in Court No. 23-00026. In that action the Federation challenged Commerce's failure to adjust the non-selected company rates for export subsidies. *See* Federation Complaint (Ct. Int'l Trade Feb. 27, 2023), No. 23-00026, ECF No. 8. The Federation subsequently voluntarily dismissed that action and elected to participate in this consolidated action only as a defendant-intervenor. *See Stipulation of Dismissal* (Ct. Int'l Trade June 28, 2023), No. 23-00026, ECF No. 34.

The Federation's decision to dismiss its appeal was informed by the fact that, at the time it dismissed its action, Cambria had not requested a statutory injunction and the time for having done so had expired. The Federation and its members determined that it was preferable to have entries not covered by the statutory injunctions that were timely requested by Consolidated

Plaintiffs MSI and Arizona Tile liquidated in accordance with the *Final Results* rather than incur the expense and uncertainty of pursuing their appeal to further reduce the dumping duties to be assessed on those entries. *See Arizona Tile LLC et al v. United States* (Ct. Int'l Trade Feb. 13, 2023), No. 23-00019, ECF Nos. 17, 18.[3] Had the Federation's entries been enjoined pursuant to Cambria's appeal, the decision to withdraw its action might have been different.

Cambria's motion fails to excuse its own lack of due diligence in failing to request an injunction to suspend liquidation on entries of various entities that have been involved in Cambria's appeal and related actions that were consolidated eight months ago. *See* Paperless Order (Mar. 17, 2023), No. 23-00019, ECF No. 37; Paperless Order (Mar. 17, 2023), No. 23-00026, ECF No. 25; *see also Carpenter*, 469 F. Supp. 2d at 1316-17. As MSI and Arizona Tile observed in their motion to partially dissolve their requested injunctions, Cambria "never sought its own injunction in this consolidated action," nor did Cambria seek an injunction in <u>any</u> of the related cases in which it intervened. *See* Consol. Pls. Mot. at 2-3. Such neglect of Cambria's own interests "until the outcome of the litigation began to appear unfavorable" does not rise to the level of good cause contemplated by this Court. *See Jiangsu Jiasheng Photovoltaic Tech. Co. v. United States*, 72 F. Supp. 3d 1378, 1383 (Ct. Int'l Trade 2015).

Regarding the entries subject to this Court's previous injunctions requested by MSI and Arizona Tile, the "sudden viable possibility" of liquidation as a result of MSI and Arizona Tile's motion to partially dissolve those injunctions does not suggest good cause so much as "strategic timing," which cannot excuse Cambria's tardiness in safeguarding its own interests. *See Changzhou*, 999 F. Supp. 2d at 1334. While the Consolidated Plaintiffs' motion to partially

---

[3] MSI and Arizona Tile have now moved to partially dissolve those statutory injunctions. *See* Consolidated Plaintiffs' Partial Consent Motion To Partially Dissolve Injunction of Liquidation, (Ct. Int'l Trade Nov. 17, 2023), No. 23-00007, ECF No. 64 ("Consol. Pls. Mot.").

dissolve their requested injunctions may have alerted Cambria to the possibility of liquidation, Cambria should have requested an injunction to suspend liquidation at the beginning of this action, as the Court's Rules permit, *see* USCIT R. 56.2, and as is the "normal course" in such cases. *See Hylsa, S.A. de C.V. v. United States*, 469 F. Supp. 2d 1341, 1343 (Ct. Int'l Trade 2007). As MSI and Arizona Tile argue, they are seeking to dissolve relief already granted to them; Cambria's opposition to that dissolution "merely attempts to hide its own mistake." *See* Consol. Pls. Mot. at 4-6. Cambria should not be permitted to rely on other parties' safeguarding of their interests to protect its own. As discussed above, the Federation made its decision to withdraw its own appeal in part on the understanding that Cambria has not requested an injunction covering the entries of many of its members, and that the entries would be liquidated. Allowing such "opportunistic" maneuvering by the Plaintiff would unduly prejudice the non-movant, the Federation, in this case. *See Changzhou*, 999 F. Supp. 2d at 1334.

The fact that Cambria may have been "subjectively surprised" that MSI and Arizona Tile moved to dissolve their injunctions is not good cause for Cambria to have avoided its duty to protect its own interests. This Court previously held in *Jiangsu Jiasheng* that "adopting this interpretation of 'surprise' as good cause" for a party's "tardy intervention . . . would essentially render {the} 30–day time limit meaningless." 72 F. Supp. 3d at 1382. Just as the Court noted in *Jiangsu Jiasheng*, "this is not a case of surprise, but rather an example of a failed litigation strategy." *Id.* The same considerations that apply to the time limits for intervention should apply here with regard to Cambria's tardy motion for statutory injunction.

Similarly, Cambria's argument that absent an injunction its appeal could become moot does not excuse its failure to move for an injunction in a timely manner. It is the Federation's understanding, however, that Consolidated Plaintiffs' pending motion to dissolve injunctions

7

does not cover all of the parties covered by the existing injunctions. Thus, it appears that liquidation of at least some entries subject to the non-examined company rate in the *Final Results* would remain enjoined even if the Court denies Cambria's motion and grants Consolidated Plaintiffs' motion. Consequently, Cambria's action would continue to present a live controversy.

Second, the issue here is not whether *Zenith Radio Corp. v. United States*, 710 F.2d 806, 810 (Fed. Cir. 1983) would support a timely filed motion for preliminary injunction, but rather whether the possibility of mootness is sufficient ground for granting an untimely motion in the absence of a showing of good cause for the delay. If the possibility that liquidation would moot a plaintiff's appeal alone were sufficient grounds for granting an out-of-time motion for injunction, then parties would remain free to file motions for injunction at any time during the litigation of a challenge to final review results and the 30-day time limit in Rule 56.2 would serve no purpose. *See Carpenter*, 469 F. Supp. 2d at 1319 (if the Court were to find that delays in securing consent from opposing counsel qualified as good cause for filing an out-of-time motion for preliminary injunction, "almost any party could 'effortlessly' meet the standard, and the Court's rules regarding this deadline would be 'superfluous.'") (citations omitted). As discussed above, Cambria has failed to offer any reason why it could not have filed its motion for preliminary injunction within the time limit. This is particularly so since the timely motions for preliminary injunction filed by MSI and Arizona Tile in their actions put Cambria on notice of the need to seek an injunction covering all exporters subject to the non-examined company rate. Cambria nevertheless waited more than eight months after the expiration of the deadline to move for an injunction and then did so only in response to the motions of MSI and Arizona Tile to dissolve their injunctions.

This Court has previously held in analogous circumstances that the failure of a party to act diligently to protect its rights in a timely manner is grounds for denying equitable relief, even when doing so leaves a party without any remedy in the underlying action. In *Mukand Int'l, Ltd. v. United States*, 412 F. Supp. 2d 1312 (Ct. Int'l Trade 2005), the plaintiff brought an action under the Court's residual jurisdiction under 28 U.S.C. § 1581(i) to recover antidumping duties assessed on entries of nonsubject merchandise. The Court denied plaintiff's motion for a writ of mandamus to reliquidate the entries on the ground that the plaintiff had waited too long to bring its action. The Court found that the plaintiff had "slept on its rights" by failing to bring its action and seek a preliminary injunction before liquidation. *Id.* at 1318-1319. Here, Cambria has similarly slept on its rights by failing to move for a statutory injunction within the time limit established by the Court's rules even though it was on notice of the need to do so.

### III. Cambria Has Not Met The Criteria For Granting A Statutory Injunction

In addition to Cambria's lack of good cause for seeking a statutory injunction at this late stage in the proceedings, Cambria has failed to meet the four factors this Court uses in determining whether an injunction is warranted. Cambria has not met the criteria for granting a statutory injunction because it will not suffer irreparable harm, and fails to demonstrate that the other preliminary injunction factors weigh in its favor.[4] In fact, this Court has previously acknowledged that it is "unusual" for domestic parties, such as Cambria, to request injunctions because they are not the ones paying the duties. *See Hylsa*, 469 F. Supp. 2d at 1343, n.3.

Regarding the first factor, irreparable harm, Cambria fails to demonstrate that it will suffer irreparable harm if liquidation is not enjoined. As already discussed, Cambria has not

---

[4] While "{n}o one factor, taken individually, is necessarily dispositive," a movant's failure to demonstrate "any one factor may be sufficient, given the weight or lack of it assigned the other factors, to justify the denial" of an injunction. *FMC Corp.*, 3 F.3d at 427.

established that denying its injunction would moot its action, and Cambria is not the party to whom the disputed antidumping duties would be paid. Furthermore, Cambria's assertion of irreparable harm due to liquidation is undermined by its own decision to wait eight months to seek an injunction even though it was on notice that entries could be liquidated in the absence of an injunction, and that the injunctions of Consolidated Plaintiffs did not cover certain entries of Federation members.

The other preliminary injunction factors do not weigh in Cambria's favor. Cambria is unlikely to prevail on the merits of its action. As demonstrated in Defendant United States' November 20, 2023 response brief, ECF No. 68, Commerce's selection of the non-selected company antidumping rate in this review is supported by ample reasoning and legal support, including guidance from the Uruguay Round Agreements Act Statement of Administrative Action and CAFC case law. *See Final Results* IDM at 53-55.

The balance of the hardships clearly weighs in favor of the Federation and against Cambria. The Federation made its decision to withdraw its own appeal, in part, on the understanding that no injunction covered many of its members' entries and withdrawal would result in liquidation of those entries. Allowing Cambria to obtain an injunction at this late stage in the proceedings would also prejudice the Federation and its members by creating additional delay in liquidation and by causing additional interest to accrue on any entries for which the cash deposit rate was less than the 3.19 percent rate determined in the *Final Results*.

Finally, Cambria has not shown that "the public interest would be better served" if this Court granted its requested injunction. *See Carpenter*, 469 F. Supp. 2d at 1325 (quoting *Zenith*, 710 F.2d at 809). This Court has generally recognized that the public interest is served in ensuring that the trade statutes are uniformly and fairly enforced, *see id.*, but, as has been

established, such enforcement is not under threat. There is no public interest in rewarding a party for failing to diligently pursue its interests or ignoring deadlines provided in the Court's rules. The issues in this case will not become moot in the absence of an injunction and, in any event, the parties burdened with paying the duties at issue are not the ones requesting this injunction to suspend liquidation of those duties. The trade laws can be fairly and uniformly enforced without granting Cambria's requested injunction.

## IV. Conclusion

For the foregoing reasons, the Federation respectfully requests that this Court deny Cambria's out-of-time motion for a statutory injunction and its requested injunctive relief.

Respectfully submitted,

/s/ Julie C. Mendoza
Julie C. Mendoza
Donald B. Cameron
R. Will Planert
Brady W. Mills
Mary S. Hodgins
Eugene Degnan
Jordan L. Fleischer
Nicholas C. Duffey
Ryan R. Migeed

**MORRIS MANNING & MARTIN LLP**
1401 Eye Street, NW, Suite 600
Washington, D.C. 20005
(202) 216-4817

Dated: December 1, 2023

*Counsel to Federation of Indian Quartz Surface Industry*

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE**

| | |
|---|---|
| CAMBRIA COMPANY LLC,<br><br>    Plaintiff,<br><br>ANTIQUE MARBONITE PRIVATE LIMITED; PRISM JOHNSON LIMITED; FEDERATION OF INDIAN QUARTZ SURFACE INDUSTRY; and SHIVAM ENTERPRISES,<br><br>    Consolidated-Plaintiffs,<br><br>    v.<br><br>UNITED STATES,<br><br>    Defendant,<br><br>APB TRADING, LLC; ARIZONA TILE LLC; COSMOS GRANITE (SOUTH EAST) LLC; COSMOS GRANITE (SOUTH WEST) LLC; COSMOS GRANITE (WEST) LLC; CURAVA CORPORATION; DIVYASHAKTI GRANITES LIMITED; DIVYASHAKTI LIMITED; FEDERATION OF INDIAN QUARTZ SURFACE INDUSTRY; M S INTERNATIONAL, INC.; MARUDHAR ROCKS INTERNATIONAL PVT LTD.; OVERSEAS MANUFACTURING AND SUPPLY INC.; PNS CLEARANCE LLC; QUARTZKRAFT LLP; and STRATUS SURFACES LLC,<br><br>    Defendant-Intervenors. | Court No. 23-00007 |

**ORDER**

    Upon consideration of Plaintiff Cambria Company LLC's Motion for a Statutory Injunction, it is hereby:

**ORDERED** that Plaintiff Cambria Company LLC's motion is denied; and it is further

**ORDERED** that the injunctions covering subject entries produced and/or exported from India to the United States by the following companies for which Consolidated Plaintiffs M S International Inc. and Arizona Tile LLC served as the Importers of Record, that were entered, or withdrawn from warehouse, for consumption, during the period December 13, 2019 through May 31, 2021 (exclusive of entries made from June 10, 2020 through June 18, 2020), is dissolved and the suspension of covered entries thus lifted.

- Baba Super Minerals Pvt Ltd
- Camrola Quartz Limited
- Chariot International Pvt Ltd
- Cuarzo
- Esprit Stones Pvt. Ltd.
- Glowstone Industries Pvt Ltd
- Keros Stone LLP
- Mahi Granites Pvt Ltd
- Pacific Industries Limited
- Pacific Quartz Surfaces LLP
- Paradigm Stone India Pvt Ltd
- Pelican Quartz Stone
- Rocks Forever
- Safayar Ceramics Pvt Ltd
- Satya Exports
- Southern Rocks & Minerals Pvt Ltd
- Aro Granit Ind-Quartz
- Esprit Stones Pvt. Ltd.
- Marudhar Rocks International Pvt Ltd
- Pacific Industries Limited
- Pacific Quartz Surfaces LLP
- Paradigm Stone India Pvt Ltd
- Quartzkraft LLP

and it is further

**ORDERED** that this Order shall have no effect on entries produced and/or exported by the following companies which have not previously been subject to suspension of liquidation.

- Antique Granito Shareholders Trust

- Asian Granito India Ltd
- Argil Ceramics
- Divyashakti Granites Limited
- Hi Elite Quartz LLP
- Inani Marbles and Industries Ltd.
- International Stones India Private Limited
- Malbros Marbles & Granites Industries
- Mountmine Imp. & Exp. Pvt., Ltd.
- Paradigm Granite Pvt., Ltd.
- Rose Marbles Ltd.
- Tab India Granites Pvt., Ltd.
- Chaitanya International Minerals LLP
- Colors of Rainbow
- Hilltop Stones Pvt., Ltd.

**IT IS SO ORDERED.**

Dated: _____, 2023
     New York, NY                                         Hon. Mark A. Barnett, Chief Judge