Slip Op. 23-186

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| CAMBRIA COMPANY LLC,<br><br>    Plaintiff,<br><br>and<br><br>ANTIQUE MARBONITE PRIVATE LIMITED; PRISM JOHNSON LIMITED; SHIVAM ENTERPRISES; ARIZONA TILE, LLC; M S INTERNATIONAL, INC.; AND PNS CLEARANCE LLC,<br><br>    Consolidated Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>    Defendant,<br><br>and<br><br>APB TRADING, LLC; ARIZONA TILE LLC; COSMOS GRANITE (SOUTH EAST) LLC; COSMOS GRANITE (SOUTH WEST) LLC; COSMOS GRANITE (WEST) LLC; CURAVA CORPORATION; DIVYASHAKTI GRANITES LIMITED; DIVYASHAKTI LIMITED; FEDERATION OF INDIAN QUARTZ SURFACE INDUSTRY; M S INTERNATIONAL, INC.; MARUDHAR ROCKS INTERNATIONAL PVT LTD.; OVERSEAS MANUFACTURING AND SUPPLY INC.; QUARTZKRAFT LLP; STRATUS SURFACES LLC; AND PNS CLEARANCE LLC,<br><br>    Defendant-Intervenors. | Before: Mark A. Barnett, Chief Judge<br>Consol. Court No. 23-00007 |

## **OPINION AND ORDER**

[Denying Plaintiff's partial consent motion for statutory injunction and Consolidated Plaintiffs' partial consent motion to partially dissolve statutory injunctions.]

Dated: December 19, 2023

Luke A. Meisner and Roger B. Schagrin, Schagrin Associates, of Washington, DC, for Plaintiff Cambria Company LLC.

Jonathan T. Stoel, Jared R. Wessel, Nicholas R. Sparks, and Cayla D. Ebert, Hogan Lovells US LLP, of Washington, DC, for Consolidated Plaintiffs Arizona Tile LLC, M S International, Inc., and PNS Clearance LLC.

Joshua E. Kurland, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for Defendant United States. Of counsel are Vania Y. Wang and Joseph Grossman, Attorneys, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, DC.

Julie C. Mendoza, Donald B. Cameron, R. Will Planert, Brady W. Mills, Mary S. Hodgins, Eugene Degnan, Jordan L. Fleischer, Nicholas C. Duffey, and Ryan R. Migeed, Morris Manning & Martin LLP, of Washington, DC, for Defendant-Intervenors Federation of Indian Quartz Surface Industry.

Barnett, Chief Judge: This consolidated case is before the court following the U.S. Department of Commerce's ("Commerce" or "the agency") final results in the first administrative review of the antidumping duty order covering certain quartz surface products ("QSPs") from India for the period of review December 13, 2019, through May 31, 2021. *See Certain Quartz Surface Prods. From India*, 88 Fed. Reg. 1,188 (Dep't Commerce Jan. 9, 2023) (final results of antidumping duty admin. rev.; 2019–2021) ("*Final Results*"), ECF No. 41-4, and accompanying Issues and Decision Mem., A-533-889 (Dec. 30, 2022), ECF No. 41-5.

Plaintiff Cambria Company LLC ("Cambria") now moves the court for a statutory injunction pursuant to 19 U.S.C. § 1516a(c)(2) and U.S. Court of International Trade ("CIT") Rules 7(b) and 56.2(a) enjoining Defendant ("the Government") from liquidating the entries subject to the *Final Results* pending a final and conclusive court decision in this matter, including all appeals.  Pl.'s. Partial Consent Mot. for Statutory Inj., ECF No. 63 ("Cambria's Mot.").  Consolidated Plaintiffs M S International, Inc. ("MSI") and Arizona Tile LLC ("AZ Tile") move the court to partially dissolve the statutory injunctions granted by the court in their member case in order to allow for the liquidation of entries made during the period of review for which MSI and AZ Tile served as importers of record in connection with some of the listed producers or exporters.  *See* Consol. Pls.' Partial Consent Mot. to Partially Dissolve Inj. of Liquidation, ECF No. 64 ("MSI & AZ Tile's Mot.").[1]

While the Government consents to both motions, Cambria's Mot. at 7;[2] MSI & AZ Tile's Mot. at 3, Cambria opposes MSI and AZ Tile's motion, and MSI and AZ Tile oppose Cambria's motion, Consol. Pls.' Resp. to Cambria's Mot. for Statutory Inj., ECF No. 69 ("Consol. Pls.' Resp."); Pl.'s. Resp. in Opp'n to Consol. Pls.' Mot. to Partially Dissolve Inj. of Liquidation, ECF No. 70 ("Pl.'s Resp.").  Defendant-Intervenor

---

[1] While MSI and AZ Tile are operating as Consolidated Plaintiffs for purposes of the present motions based on the commencement of their own action that is consolidated under this lead case, they also intervened as Defendant-Intervenors in this case.  *See* Order (Mar. 10, 2023), ECF No. 36.

[2] The Government consented to Cambria's motion while noting that "Commerce has already issued liquidation instructions for entries not covered by the injunctions previously issued."  Cambria's Mot. at 7.

Federation of Indian Quartz Surface Industry ("the Federation") also opposes Cambria's motion. Opp'n of Def.-Int. [the Federation] to Pl.'s Mot. for Statutory Inj., ECF No. 71 ("Def.-Int.'s Resp.").[3] For the reasons discussed herein, the court will deny both motions.

## BACKGROUND

The merits of these consolidated cases are still being briefed. Pending before the court now are essentially cross-motions regarding the suspension and lifting thereof of liquidation of entries from India covering QSPs subject to Commerce's *Final Results*.

Prior to consolidation in the present matter, on January 31, 2023, MSI and AZ Tile filed suit to contest certain aspects of the *Final Results*. *See* Summons, *Ariz. Tile LLC v. United States*, Ct. No. 23-cv-00019 ("*Ariz. Tile 23-19*") (Jan. 31, 2023), ECF No. 1. In litigation pursuant to 28 U.S.C. § 1581(c) seeking to challenge the final results of an antidumping or countervailing duty administrative review, liquidation is governed by 19 U.S.C. § 1516a(c)(2). Pursuant thereto, liquidation in accordance with the agency determination is generally final and conclusive unless an interested party secures a statutory injunction to ensure liquidation in accordance with any final court decision reviewing the agency determination. *See* 19 U.S.C. § 1516a(c), (e); *Zenith Radio Corp. v. United States*, 710 F.2d 806, 810 (Fed. Cir. 1983) (addressing the statutory scheme). In accordance with this framework, MSI and AZ Tile each obtained statutory injunctions enjoining liquidation of entries imported by the respective party and produced or

---

[3] Additional Defendant-Intervenors informed Cambria that they did not consent to the motion but did not file a separate response thereto. *See id.* at 8.

exported by several identified Indian companies. See Orders for Statutory Inj. Upon Consent, Ariz. Tile 23-19 (Feb. 13, 2023), ECF Nos. 17, 18.[4] Both MSI and AZ Tile listed Antique Marbonite Private Ltd. ("Antique Marbonite") among the producers/exporters whose entries made by MSI and AZ Tile were subject to the injunction. See id.[5]

On March 17, 2023, the court consolidated *Arizona Tile* with challenges to the same underlying agency decision filed by Cambria, Antique Marbonite, APB Trading LLC, and the Federation (and their respective co-plaintiffs). Order (Mar. 17, 2023), ECF No. 40. In this lead case commenced by Cambria, the deadline to seek a statutory injunction lapsed on March 13, 2023. See CIT Rule 56.2(a)(4) (setting a 30-day deadline following service of the complaint "or at such later time, for good cause shown"); Certificate of Service (Feb. 10, 2023), ECF No. 15. Cambria did not file a Form 24 or otherwise seek an injunction by the expected deadline.

---

[4] Parties seeking an order for statutory injunction upon consent may file a Form 24 with the court pursuant to Rule 56.2. See Form 24, https://www.cit.uscourts.gov/sites/cit/files/Form%2024.pdf. References to these items hereinafter will be to "Form 24s."

[5] Producers and exporters covered by the Form 24 filed by Arizona Tile are: Antique Marbonite, ARO Granit Ind-Quartz, Esprit Stones Pvt. Ltd., Marudhar Rocks International Pvt Ltd, Pacific Industries Limited, Pacific Quartz Surfaces LLP, Paradigm Stone India Pvt Ltd, and Quartzkraft LLP. Producers and exporters covered by the Form 24 filed by MSI are: Antique Marbonite, Baba Super Minerals Pvt Ltd, Camrola Quartz Limited, Chariot International Pvt Ltd, Cuarzo, Glowstone Industries Pvt Ltd, Keros Stone LLP, Mahi Granites Pvt Ltd, Pacific Industries Limited, Pacific Quartz Surfaces LLP, Paradigm Stone India Pvt Ltd, Pelican Quartz Stone, Rocks Forever, Safayar Ceramics Pvt Ltd, Satya Exports, and Southern Rocks & Minerals Pvt Ltd. Another plaintiff, PNS Clearance LLC, obtained an injunction in *Arizona Tile* prior to consolidation but has not requested dissolution.

On November 17, 2023, MSI and AZ Tile filed a partial consent motion to partially dissolve the Form 24s. MSI & AZ Tile's Mot. They request the court to lift the suspension of liquidation for all previously enjoined entries for which MSI or AZ Tile served as the importer of record with the exception of entries produced or exported by Antique Marbonite. *Id.* at 3. In anticipation of MSI and AZ Tile's motion, Cambria filed a partial consent motion for a statutory injunction on the same date, seeking to enjoin liquidation of all entries subject to the *Final Results* from a list of 51 Indian producers/exporters, more than are covered by the existing Form 24 injunctions, regardless of the importer. Cambria's Mot. at 6, Attach. In other words, Cambria seeks to enjoin the liquidation of entries for which MSI and AZ Tile seek dissolution of the present injunctions *and* to enjoin the liquidation of additional entries from additional producers/exporters beyond those covered by the existing statutory injunctions, regardless of importer.

## JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction over this matter pursuant to section 516A(a)(2)(B)(iii) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2)(B)(iii) (2018),[6] and 28 U.S.C. § 1581(c).

The court retains the "inherent power and the discretion to modify injunctions for changed circumstances." *AIMCOR Ala. Silicon, Inc. v. United States*, 23 CIT 932, 938, 83 F. Supp. 2d 1293, 1299 (1999) (citing *Sys. Fed'n No. 91 v. Wright*, 364 U.S. 642,

---

[6] Citations to the Tariff Act of 1930, as amended, are to Tile 19 of the U.S. Code. All references to the U.S. Code are to the 2018 edition unless otherwise specified.

Consol. Court No. 23-00007	Page 7

647 (1961)). "[A] party moving for modification bears the burden of showing that changed circumstances, legal or factual, make the continuation of the injunction inequitable." *Id.* (citation omitted).[7]

CIT Rule 56.2(a)(4)(A) provides that any motion for a statutory injunction "to enjoin the liquidation of entries that are the subject of the action must be filed by a party to the action within 30 days after service of the complaint, or at such later time, for *good cause* shown." CIT Rule 56.2(a)(4)(A) (emphasis added). While good cause as it applies in Rule 56.2(a) is not defined in that Rule, CIT Rule 24(a), addressing third-party intervention, defines good cause as "(i) mistake, inadvertence, surprise or excusable neglect; or (ii) under circumstances in which by due diligence a motion could not have been made within the 30-day period." CIT Rule 24(a)(3); *see also Carpenter Tech. Corp. v. United States*, 31 CIT 1, 4, 469 F. Supp. 2d 1313, 1316 (2007). Additionally, for parties seeking an extension of time pursuant to CIT Rule 6(b)(1), "[g]ood cause requires the moving party to show that the deadline for which an extension is sought

---

[7] In the context of considering a motion to dissolve a non-statutory preliminary injunction, the court explained that the "dual burden of showing changed circumstances and inequity 'prevents an enjoined party from constantly challenging the imposition of a preliminary injunction and relitigating arguments on motions to dissolve that have already been considered by the . . . court in its initial decision.'" *Invenergy Renewables LLC v. United States*, 44 CIT __, __, 450 F. Supp. 3d 1347, 1361–62 (2020) (quoting *Sprint Commc'ns Co. v. CAT Commc'ns Int'l Inc.*, 335 F.3d 235, 242 (3d Cir. 2003)). While the statutory injunctions at issue here were requested and obtained on the consent of the parties, the court applies the same standard to reviewing motions to dissolve. *See AIMCOR*, 23 CIT at 939, 83 F. Supp. 2d at 1299 (stating that a party seeking "dissolution [of a statutory injunction] must make a very compelling demonstration, both of changed circumstances and resulting inequities for the moving party").

cannot reasonably be met despite the movant's diligent efforts to comply with the schedule." Order, *POSCO v. United States*, Ct. No. 16-cv-00225 (Apr. 21, 2017), ECF No. 50 (citing *High Point Design LLC v. Buyers Direct, Inc.*, 730 F.3d 1301, 1319 (Fed. Cir. 2013), and *United States v. Horizon Prods. Int'l, Inc.*, 38 CIT 1883, 1885, 34 F. Supp. 3d 1365, 1367 (2014)). These authorities inform the court's consideration of Cambria's motion.

### DISCUSSION

**I.      Subject Entries for Which Liquidation is Presently Enjoined**

MSI and AZ Tile contend that changed circumstances merit partial dissolution of the statutory injunctions pursuant to the Form 24s. MSI & AZ Tile's Mot. at 5. The changed circumstances cited by MSI and AZ Tile include (1) an expectation of a lengthy litigation process, and (2) a desire to "free up certain cash collateral owed to their respective sureties." *Id.* at 7. Cambria contends that MSI and AZ Tile have not met the relevant standard for modifying a preliminary injunction because (1) MSI and AZ Tile failed to demonstrate a "change in circumstances that would make continuation of the injunction inequitable," and (2) granting MSI and AZ Tile's motion has the potential to "moot some of the issues raised in this appeal and undermine the remedial purpose of the antidumping statute." Pl.'s Resp. at 5. MSI and AZ Tile's stated changed circumstances fail to amount to a cognizable changed circumstance and instead simply reflect the parties' change in business preferences.

It is not uncommon for litigation to be a lengthy process. MSI and AZ Tile are represented by experienced counsel, aware of the complexity of matters before the

Consol. Court No. 23-00007                                                                                                    Page 9

court and the timeline required to brief and adjudicate trade disputes.  Thus, the mere desire to receive an outcome outside of the timeframe a party may have anticipated does not entitle a moving party to the requested relief, particularly a mere ten months after first seeking the injunction.  Additionally, MSI and AZ Tile's preference to "free up" cash collateral is not an example of a factual changed circumstance, but rather, exemplifies their change in business strategy.  Thus, the desire for a party to gain more liquidity for their internal business purposes does not amount to a changed circumstance appropriate to invoke the court's discretion.[8]  MSI and AZ Tile do not have good cause to partially dissolve the existing injunctions simply because they were the movants for those orders, and they have not demonstrated changed circumstances appropriate for the court to agree to partially dissolve them.  Because MSI and AZ Tile do not make a sufficient showing under the applicable legal standard, the court will deny their partial consent motion to partially dissolve the injunctions against liquidation.

        Given that the denial of MSI and AZ Tile's motion results in the existing Form 24s remaining in place, the court shall deny in part Cambria's motion with respect to the subject entries for which liquidation is already enjoined pursuant to the Form 24s.  By

---

[8] Additionally, MSI and AZ Tile refer to a party's "right to seek dissolution of its own injunction," MSI & AZ Tile's Mot. at 7, and, in responding to Cambria's motion, state that "[c]ourts are generally inclined to allow a party to dissolve its own injunction (or parts of its injunction) as it sees fit," Consol. Pls.' Resp. at 5 (citing as one example *Commodity Futures Trading Comm'n v. Bame*, 2009 WL 10675779 (C.D. Cal. Jul. 1, 2009)).  To be clear, statutory injunctions are orders of the court and should be treated as such.  *See* CIT Rule 56.2(a)(4)(A) (noting the nature of Form 24s as proposed orders).  Parties may seek modification of court orders by meeting their obligations under the applicable legal standard, which MSI and AZ Tile have not done here.

way of good cause, Cambria points to the new risk of dissolution of the existing injunctions and the potential for Cambria's case to become moot if the subject entries are liquidated. Cambria's Mot. at 4–6. Such reasons do not constitute good cause for Cambria's untimely motion. Rather than speaking to good cause, these reasons speak more to the merits of Cambria's motion for injunction, and, to that end, Cambria is under no threat of irreparable harm because liquidation of these entries is enjoined by the Form 24 statutory injunctions. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20–22 (2008) (explaining that a plaintiff must identify and establish that any irreparable harm is a *likely* outcome of the denial of a motion for a preliminary injunction).

## II.   Subject Entries for Which Liquidation is Not Presently Enjoined

In addition to seeking to enjoin the liquidation of entries subject to the existing Form 24s, Cambria seeks to enjoin the liquidation of additional entries produced or exported by Indian companies not presently enjoined under the existing Form 24s and without regard to the importer involved. Cambria's Mot. at 2, Attach.[9] Because

---

[9] In addition to the producers and exporters referenced in the existing Form 24s, Cambria seeks to enjoin the liquidation of entries from: Alicante Surfaces Pvt., Ltd., Antique Granito Shareholders Trust, Argil Ceramic Private Limited, Asian Granito India Ltd, Chaitanya International Minerals LLP, Colors Of Rainbow, Creative Quartz LLP, Divyashakti Granites Limited, Globalfair Technologies Pvt., Gupta Marbles, Gyan Chand Lodha, Hi Elite Quartz LLP, Hilltop Stones Pvt., Ltd., Inani Marbles and Industries Ltd., International Stones India Private Limited, Jennex Granite Industries, Jessie Kan Granite Inc., M.B. Granites Private Ltd., Malbros Marbles & Granites Industries, Mountmine Imp. & Exp. Pvt., Ltd., P.M. Quartz Surfaces Pvt., Ltd., Pangaea Stone International Private Ltd., Paradigm Granite Pvt., Ltd., Rose Marbles Ltd., Stone Imp. & Exp. (India) Pvt., Ltd., Stoneby India LLP, Tab India Granites Pvt., Ltd., Ultima International, Vishwas Ceramic, Vishwas Exp., and Yash Gems.

Consol. Court No. 23-00007 Page 11

Cambria filed its motion for a statutory injunction after the 30-day deadline provided in Rule 56.2(a)(4)(A), the court will review Cambria's motion for a showing of good cause.

Cambria argues that good cause exists to grant its motion because (1) "a substantial portion of the entries have already been suspended as part of the consolidated action as a result of a prior statutory injunction by the [c]ourt," (2) the "potential that Plaintiff's appeal will be mooted if the entries at issue in this case are liquidated," and (3) granting of its motion "would not unfairly prejudice either the opposing parties or the interests of justice." Cambria's Mot. at 3. MSI and AZ Tile contend that Cambria fails to "demonstrate good cause justifying its tardy request" or "satisfy the showing required for the imposition of a preliminary injunction." Consol. Pls.' Resp. at 3. The Federation contends that "Cambria lacks good cause for filing its motion out-of-time" and that "[the Federation's] members would be prejudiced by granting Cambria a statutory injunction after the Federation voluntarily dismissed its own appeal of the *Final Results*." Def.-Int.'s Resp. at 2.

The purpose of the good cause provision of Rule 56.2(a)(4)(A) is to "reduce costs and procedural delays in antidumping and countervailing litigation by encouraging the early filing of motions for preliminary injunction." *Laclede Steel Co. v. United States*, 20 CIT 712, 714, 928 F. Supp. 1182, 1185 (1996). It constitutes a factor the court must consider separate and distinct from the factors that otherwise may justify entering a preliminary injunction. As discussed below, with respect to the subject entries for which liquidation is not currently enjoined, Cambria has failed to demonstrate good cause for filing its motion 249 days after the Rule 56.2(a)(4)(A) deadline.

    Cambria's first claim, that good cause exists because a substantial portion of the entries have already been enjoined, is clearly limited to the entries discussed above and covered by the existing statutory injunctions, the liquidation of which will remain enjoined.  While it is clear that one injunction is sufficient to enjoin the liquidation of any particular entry, *see Stanley Works (Langfang) Fastening Sys. Co. v. United States*, Slip Op. 18-134, 2018 WL 4850386, at *8 (CIT Oct. 5, 2018), the court routinely grants overlapping Form 24 injunctions when they are sought in a timely manner, particularly prior to the consolidation of multiple challenges to the same administrative determination, *see, e.g.*, Order, *Hyundai Steel Co v. United States*, Ct. No. 22-cv-00170 (Aug. 12, 2022), ECF No. 19 (consolidating cases in which parties had obtained separate statutory injunctions covering overlapping entries prior to consolidation).  While timely requests for such overlapping injunctions may even constitute a "best practice" when there are challenges to an unfair trade determination by both the domestic and foreign/importing interests which may proceed along different timelines, at this stage in the proceeding, creating such overlap does not constitute "good cause" for Cambria's delay.

    Cambria's second assertion of good cause similarly fails because of the currently enjoined entries.  Cambria's concern that its challenge to Commerce's determination will be mooted by liquidation will not be realized so long as the Form 24 statutory injunctions remain in place.  Beyond that, the court notes that the potential for Cambria's challenge to have been mooted speaks to the irreparable harm factor for obtaining an injunction in the first instance.  *See Zenith Radio Corp.*, 710 F.2d at 810.

Consol. Court No. 23-00007                                                                                                  Page 13

While such potential mootness may justify an injunction in the first instance, it does not constitute good cause for Cambria to have failed to request an injunction within 30 days of serving its complaint.  For the court to find otherwise would obviate the need to show good cause for seeking an injunction beyond the 30-day deadline set out in Rule 56.2(a)(4)(A).

      Cambria's third claimed "good cause" factor is that granting the injunction "would not unfairly prejudice either the opposing parties or the interests of justice."  Cambria's Mot. at 3.  Cambria failed to develop its suggestion that this factor constituted good cause for its failure to seek an injunction within 30 days of serving its complaint.  Moreover, to the extent that this factor appears analogous to the "balance of interests" and "public interest" factors for evaluating a motion for preliminary injunction, *Silfab Solar, Inc. v. United States*, 892 F.3d 1340, 1345 (Fed. Cir. 2018) (citing *Winter*, 555 U.S. at 20), as with the mootness point above, for the court to rely on this claim would undermine the good cause requirement in CIT Rule 56.2(a)(4)(A) for moving for an injunction after the 30-day deadline.

### CONCLUSION AND ORDER

      For the reasons discussed herein, it is hereby

      **ORDERED** that MSI and AZ Tile's partial consent motion to partially dissolve injunction of liquidation (ECF No. 64) is **DENIED**; and it is further

Consol. Court No. 23-00007 Page 14

**ORDERED** that Cambria's partial consent motion for statutory injunction (ECF No. 63) is **DENIED.**

                                                  /s/      Mark A. Barnett
                                                  Mark A. Barnett, Chief Judge

Dated: December 19, 2023
        New York, New York